IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KOSHA, LLC; et al | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV: 4:19-cv-00172-CDL |
| | ) | |
| CLARENCE DEAN ALFORD; | ) | |
|    et al | ) | |
|    Defendants. | ) | |

### AFFIDAVIT OF ANDREW P. CAMPBELL, IN SUPPORT OF PRELIMINARY INJUNCTION

Before me, the undersigned Notary Public, in and for said State and County, personally appeared Andrew P. Campbell, who after being duly sworn, states as follows:

1.    My name is Andrew P. Campbell, I am over the age of nineteen years, I am an attorney licensed to practice law in Alabama, and I am the managing partner of the law firm Campbell Partners, LLC. I have personal knowledge concerning the following facts.

2.    I represent the 40 Plaintiffs and have been admitted *pro hac* in this matter.

1

3. The Plaintiffs alleged in their complaint that Defendants Allied Energy Services, LLC., ("Allied") and Clarence Dean Alford ("Alford"), along with others, developed a scheme whereby Alford, through Allied, lured investors to loan millions of dollars to Allied and/or Dean for various energy projects such as Augusta Waste to Energy and Georgia Solar.

4. Mr. Alford convinced the investors to loan him and/or Allied money on the premise that they would receive a full return of their money, in a year's time, as well as receive interest payments between 15-20%. Individual Plaintiffs invested between $25,000 to over $1,390,000 million for a grand total of $6,015,000 invested by my clients alone.

5. Mr. Alford instructed all the Plaintiffs to wire their investment money to Allied's Bank of America account ending 8409; to which all Plaintiffs complied.

6. Mr. Alford made several misrepresentations to my clients, including, but, not limited to, scope and status of the project, financial backing for this project, scope and status of other associated Allied projects, in an effort to defraud Plaintiffs through this investment scheme.

7. As of present, Mr. Alford and/or Allied have not complied with the terms of Plaintiffs' Notes. Before Mr. Alford was recently charged by the Georgia Office of Attorney General, on October 3, 2019, for racketeering and attempted theft by taking, Plaintiffs sought the return of their money. However, instead of returning

Plaintiffs' investments, Mr. Alford merely offered excuses and mistruths that the return of Plaintiffs' investment money was imminent. To date, my clients investments have not been returned to them.

8. As a part of this litigation, Plaintiffs request that the Court impose a constructive trust, as well as, an imposition of an equitable lien on Allied's (and any other Defendant) real and personal property that is connected to the underlying illegal activity. Further, Plaintiffs seek other equitable relief such as "temporary restraining order, preliminary and permanent injunction, restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Defendants." Exhibit A- Complaint [Doc. 1 at pg. 42-43].

9. Under Rule 65 of Federal Rules of Civil Procedure, this Court has inherent equitable powers to order preliminary relief, including an asset freeze in order to assure the availability of permanent relief, especially in securities law violation cases as this one.

10. I, along, with Plaintiffs, believe that it is necessary for this Court to take action freeze Allied's account so that my clients will be afforded an opportunity for the Court to impose future equitable reliefs including, but not limited to, disgorgement, constructive trust, restitution, and permanent injunction. Without such action taken by the Court now, Allied and/or Alford will continue to dissipate Plaintiffs' funds so that, if the Court were to provide equitable relief sought by

Plaintiffs at a later date, it would not be available because of Defendants' actions; thereby resulting in irreparable injury to Plaintiffs. By freezing Allied's assets that are connected with this securities scheme, it preserves any future equitable remedy that the Court may impose at a later date. Therefore, I believe that preliminary injunctive relief is warranted in this case.

11. To further support Plaintiffs' request, attached to my affidavit as Exhibit B are the following documents:

   a. Affidavits from Plaintiffs attesting to the fact that they deposited the money into the Allied account ending in 8904;

   b. Plaintiffs' Negotiable Notes

   c. Plaintiffs' Demand for payment;

   d. Recent articles related to Mr. Alford; and

   e. Investment Project information.

Further affiant sayeth not.

_____
Andrew P. Campbell

STATE OF _Alabama_

COUNTY OF _Jefferson_

The foregoing instrument was subscribed, sworn to and acknowledged before me this 7th day of November 2019.

_Susan Dietz Caren_
Notary Public
9/11/2021