# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **KOSHA, LLC; NITIN R. DESAI;** | ) |
| **BHAVNA N. DESAI; SHANKAR** | ) |
| **THIRUPPATHI;** | ) |
| **SWAMISHAKTI, LLC; MALINI** | ) |
| **RADHAKRISHNAN; VRAJ MANOJ** | ) |
| **PATEL; ASHKA MANOJ PATEL;** | ) |
| **LAKSHMANA KROTTAPALLI;** | ) |
| **VENKATACHALAM KANNAPPAN;** | ) |
| **HEMA RAJU & SAAS, LLC;** | ) |
| **PUJA CHEBROLU; GUATAM** | ) |
| **CHEBROLU; RANI CHEBROLU;** | ) |
| **SANTHI ADIGOPULA;** | ) |
| **MAY PARTNERS, LLC;** | ) |
| **ARIYAPROPERTIES, LLC; VENKAT** | ) |
| **SUNIL CHENNUR;** | ) |
| **CRANE PROPERTIES, LLC; VEENA** | ) |
| **HARISH; SURESH NUKALA; SEJAL** | ) |
| **PATEL; SRINIVASA PATHAKAMURI;** | ) |
| **VINAYAK RAMANATH; PIYUSH** | ) |
| **PATEL; SHAMIL MANAGEMENT** | ) |
| **P.C.; AMIRTHALINGADOSS** | ) |
| **SHANMUGAVELU; KURUDI H.** | ) |
| **MURALIDHAR;** | ) |
| **SAMHITHA MEDATIA;** | ) |
| **DOSTI 2019 LLC;** | ) |
| **FERDINAND ALCAIDE;** | ) |
| **RAJENDRAN ALAPPAN, RAJEEV** | ) |
| **CHAUHAN; TAMORIE SMITH;** | ) |
| **VIBHUTI ANSAR;** | ) |
| **DYNAMIC W2E 12, LLC;** | ) |
| **DYNAMIC AES, LLC; SACHIN** | ) |
| **PHADE AS GUARDIAN AND NEXT** | ) |
| **FRIEND OF AMIYA PHADE; SACHIN** | ) |
| **PHADE AS GUARDIAN AND NEXT** | ) |
| **FRIEND OF ANISHA PHADE,** | ) |
| **VIJAYKUMAR PHADE,** | ) |

1

|                                                                                 |      |                                |
|---------------------------------------------------------------------------------|------|--------------------------------|
| **Plaintiffs,**                                                                 | )    |                                |
|                                                                                 | )    |                                |
|                                                                                 | )    |                                |
| **v.**                                                                          | )    | **Case No.:** _____ |
|                                                                                 | )    |                                |
| **CLARENCE DEAN ALFORD;**                                                       | )    | **JURY TRIAL DEMANDED**        |
| **DAN ALFORD;**                                                                 | )    |                                |
| **DEBBIE DLUGOLENSKI ALFORD;**                                                  | )    |                                |
| **ALLIED ENERGY SERVICES, LLC;**                                                | )    |                                |
| **VERSANT FUNDING, LLC;**                                                       | )    |                                |
| **JAMES R. WILSON**                                                             | )    |                                |
| **K-12 CAPITAL ADVISORS, LLC;**                                                 | )    |                                |
| **STEPHEN LEPLEY; THE LEPLEY**                                                  | )    |                                |
| **GROUP aka PROFIT ADVISORS LLC;**                                              | )    |                                |
| **JITENDRA GANDHI;**                                                            | )    |                                |
| **ROBERT VICKERY; DAVID**                                                       | )    |                                |
| **DLUGOLENSKI; MICHAEL HORNE;**                                                 | )    |                                |
| **WARREN OLDHAM;**                                                              | )    |                                |
| **AUGUSTA WASTE TO ENERGY, LLC,**                                               | )    |                                |
| **and FICTITIOUS PARTY 1-98**                                                   | )    |                                |

## COMPLAINT

Come Now Plaintiffs Kosha, LLC ("Kosha"); Nitin R. Desai ("Nitin");

Bhavna N. Desai ("Bhavna"); Shankar Thiruppathi ("Shankar"); Swamishakti, LLC

("Swamishakti"); Malini Radhakrishnan ("Malini"); Vraj Manoj Patel ("Vraj");

Ashka Manoj Patel ("Ashka"); Lakshmana Krottapalli ("Lakshmana");

Venkatachalam Kannappan ("Venkatachalam"); Hema Raju & Saas, LLC

"("Hema"); Puja Chebrolu ("Puja"); Guatam Chebrolu ("Guatam"); Rani Chebrolu

("Rani"); Vibhuti Ansar ("Vibhuti"); Santhi Adigopula ("Santhi"); May Partners,

LLC ("May"); Ariyaproperties, LLC ("Ariyaproperties"); Venkat Sunil Chennur

("Venkat"); Crane Properties, LLC ("Crane Properties"); Veena Harish ("Veena");

2

Suresh Nukala ("Suresh"); Sejal Patel ("Sejal"); Srinivasa Pathakamuri ("Srinivasa"); Vinayak Ramanath ("Vinayak"); Piyush Patel ("Piyush"); Shamil Management, P.C. ("Shamil"); Amirthalingadoss Shanmugavelu ("Doss"); Kurudi H. Muralidhar ("Kurudi"); Samhitha Medatia ("Medatia"); Dosti 2019, LLC ("Dosti"); Ferdinand Alcaide ("Ferdinand"); Rajendran Alappan ("Rajendran"); Rajeev Chauhan ("Rajeev"); Tamorie Smith ("Tamorie"); Dynamic W2E 12, LLC ("Dynamic W2E"); Dynamic AES, LLC ("Dynamic AES"); Sachin Phade ("Sachin") as Guardian and Next Friend of Amiya Phade ("Amiya") and as Guardian and Next Friend of Anisha Phade ("Anisha"); and Vijaykumar Phade ("Vijaykumar") (collectively "Plaintiffs") and pursuant to Federal Rules of Civil Procedure 8 and 9, hereby files this Complaint against Defendants Clarence Dean Alford; Dan Alford; Debbie Dlugolenski Alford; Allied Energy Services, LLC; Versant Funding, LLC; James R. Wilson, Jitendra Gandhi, Stephen Lepley Group aka Profit Advisors, LLC., Robert Vickery, David Dlugolenski, Warren Oldham, Michael Horne, Augusta Waste to Energy, LLC., and K-12 Capital Advisors, LLC.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over these claims because the dispute implicates the federal securities laws.  28 U.S.C. § 1331.

2.     This Court is the proper venue of this action because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the damages occurred in this district.

## PARTIES

3.     Plaintiff Santhi Adigopula is an adult resident of Virginia Beach, Virginia. Adigopula invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Adigopula's promissory note matured on July 31, 2019.

4.     Plaintiff Ferdinand Alcaide is an adult resident of Columbus, Georgia. Alcaide invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Alcaide's promissory note matured on July 31, 2019.

5.     Plaintiff May Partners, LLC is a Alabama limited liability company. May Partners, LLC invested $100,000 in Allied's Waste to Energy Project in December of 2018. May Partners, LLC's promissory note matured on July 31, 2019.

6.     Plaintiff Vibhuti Ansar is an adult resident of Columbus, Georgia. Ansar invested $50,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Ansar's promissory note matures on February 18, 2020.

7.     Plaintiff Ariya properties LLC is a Georgia limited liability company with its principal business location in Peachtree City, Georgia.  Ariya properties invested $250,000 in February of 2019 for Allied's Augusta Waste to Energy Project.  Ariya properties, LLC's promissory note matured on July 31, 2019.

4

8.      Plaintiff Puja Chebrolu is an adult resident of Columbus, Georgia. Puja Chebrolu invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Puja's promissory notes matured on July 31, 2019.

9.      Plaintiff Gautam Chebrolu is an adult resident of Columbus, Georgia. Gautam Chebrolu invested $100,000 in Allied's Augusta Waste to Energy Project in December of 2018.  Gautam's promissory notes matured on July 31, 2019.

10.     Plaintiff Rani Chebrolu is an adult resident of Columbus, Georgia. Rani Chebrolu invested $100,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Rani's promissory note matures on February 12, 2020.

11.     Plaintiff Venkat Sunil Chennur is an adult resident of Columbus, Georgia. Chennur invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Chennur's promissory note matured on July 31, 2019.

12.     Plaintiff CraneProperties LLC is a Georgia limited liability company with its principal business location in Forston, Georgia.   CraneProperties LLC invested $250,000 in Allied's Augusta Waste to Energy Project in September of 2018. CraneProperties, LLC's promissory note matured on July 31, 2019.

13.     Plaintiff Bhavna N. Desai is an adult resident of Columbus, Georgia. Plaintiff Nitin R. Desai is an adult resident of Columbus, Georgia.  Bhavna N. Desai together with Nitin R. Desai invested in $50,000 in Allied's Georgia Power Solar

5

Farm Project in February of 2019. Bhavna N. Desai's note matures on February 14, 2020.

14.     Plaintiff Veena Harish is an adult resident of Midland, Georgia. Harish invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Harish's Waste-to-Energy note matured on July 31, 2019. Harish also invested $50,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Harish's Solar Farm note matures on February 15, 2020.

15.     Plaintiff Hema, Raju, & Saas LLC a Georgia limited liability company with its principal business location in Colbert, Georgia.  Hema, Raju, & Saas LLC invested $250,000 in Allied's Augusta Waste to Energy Project in December of 2018. Hema, Raju, & Saas LLC's promissory note matured on July 31, 2019.

16.     Plaintiff Venkatachalam Kannappan is an adult resident of Columbus, Georgia. Kannappan invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Kannappan's Waste-to-Energy note matured on July 31, 2019. Kannappan also invested $100,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Kannappan's Solar Farm note matures on February 14, 2020.

17.     Plaintiff Lakshmana Krottapalli is an adult resident of Columbus, Georgia. Krottapalli invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Krottapalli's Waste-to-Energy note matured on July 31, 2019. Krottapalli also invested $50,000 in Allied's Georgia Power Solar Farm Project in

6

February of 2019. Krottapalli's Georgia Power Solar Farm note matures on February 13, 2020.

18.     Plaintiff Samhitha Medatia is an adult resident of Atlanta, Georgia. Medatia loaned thousands of dollars to Allied in May of 2018. Medatia's first note matured on October 31, 2018, but Allied has to-date not returned the principal. Medatia loaned additional thousands to Allied in October of 2018. Medatia's second note matured on October 14, 2019.  Dean Alford is the guarantor of Medatia's loans.

19.     Plaintiff Kurudi H. Muralidhar is an adult resident of Tucker, Georgia. Muralidhar loaned $25,000 to Allied in April of 2018. Muralidhar's note matured on October 30, 2018.

20.     Plaintiff Suresh Nukala is an adult resident of Columbus, Georgia. Nukala invested $100,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Nukala's Solar note matures on February 13, 2020.

21.     Plaintiff Ashka Manoj Patel is an adult resident of Columbus, Georgia. Ashka Manoj Patel invested $50,000 in Allied's Georgia Power Solar Farm Project in February 2020. Ashka Manoj Patel's Solar note matures on February 13, 2019.

22.     Plaintiff Kosha, LLC is a Georgia limited liability company with its principal place of business in Muscogee County. Kosha, LLC invested $500,000 in Allied's Augusta Waste to Energy Project in December of 2018. Kamlesh's Waste to Energy note matured on July 31, 2019.  Kosha LLC also invested $500,000 in

7

Allied's Georgia Power Solar Farm Project in February of 2019. Kosha, LLC's Solar note matures on February 18, 2020.

23.     Plaintiff Sejal Patel is an adult resident of Parsippany, New Jersey. Sejal invested $100,000 in Allied's Augusta Waste to Energy Project in December 2019. Sejal's Waste to Energy note matured on July 31, 2019.

24.     Plaintiff Dosti 2019 LLC is a Texas limited liability company with its principal business location in Spring Texas. Dosti 2019, LLC invested $50,000 in in Allied's Georgia Power Solar Farm Project. Dosti's note matures on February 20, 2020.

25.     Plaintiff Vraj Manoj Patel is an adult resident of Columbus, Georgia. Vraj Manoj Patel invested $50,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Vraj Manoj Patel's Solar note matures on February 13, 2020.

26.     Plaintiff Srinivasa Pathakamuri is an adult resident of Columbus, Georgia. Pathakamuri invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Pathakamuri's Waste to Energy note matured on July 31, 2019.

27.     Plaintiff Malini Radhakrishnan is an adult resident of Columbus, Georgia. Radhakrishnan invested $50,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Radhakrishnan's Solar note matures on February 14, 2020.

8

28.     Plaintiff Vinayak Ramanath is an adult resident of Midland, Georgia. Ramanath invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Ramanath's Waste to Energy note matured on July 31, 2019.

29.     Plaintiff Piyush Patel is an adult resident of Columbus, Georgia. Piyush Patel invested $100,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Piyush Patel's note matured on February 13, 2020.

30.     Plaintiff Shamil Management Group, LLC a Georgia limited liability company with its principal place of business in Columbus, Georgia. Shamil Management invested $100,000 in Allied's Augusta Waste to Energy Project in December of 2018. Shamil Management's note matured on July 31, 2019.

31.     Plaintiff Amirthalingadoss (Doss) Shanmugavelu is an adult resident of Columbus, Georgia. Doss invested $50,000 in Allied's Augusta Waste to Energy Project in December of 2018. Doss's Waste to Energy note matured on July 31, 2019. Doss also invested $100,000 in Allied's Georgia Power Solar Farm Project in March of 2019. Doss's Solar Project note matures on March 25, 2020.

32.     Plaintiff Swamishakti, LLC is a Georgia limited liability company with its principal place of business in Columbus, Georgia. Swamishakti, LLC invested $250,000 in Allied's Augusta Waste to Energy Project in December of 2018. Swamishakti, LLC's note matured on July 31, 2019.

9

33.    Plaintiff Shankar Thiruppathi is an adult resident of Columbus, Georgia. Thiruppathi invested $50,000 in Allied's Georgia Power Solar Farm Project in February of 2019. Thiruppathi's Solar note matures on February 20, 2020.

34.    Plaintiff Rajendran Alappan is an adult resident of Columbus, Georgia. Alappan invested $50,000 in Allied Augusta Waste to Energy Project in December of 2018. Alappan's note matured on July 31, 2019.

35.    Plaintiff Rajeev Chauhan is an adult resident of Columbus, Georgia. Chauhan invested $50,000 in Allied Augusta Waste to Energy Project in December of 2018. Chauhan's note matured on July 31, 2019.

36.    Plaintiff Tamorie Smith is an adult resident of Columbus, Georgia. Smith invested $50,000 in Allied Augusta Waste to Energy Project in December of 2018. Smith's note matured on July 31, 2019.

37.    Plaintiff Dynamic W2E 12, LLC is a Tennessee limited liability company with its principal place of business in Chattanooga, Tennessee. Dynamic W2E 12, LLC invested $1,390,000 in Allied's Augusta Waste to Energy Project in 2018 comprised in three (3) notes. Dynamic W2E 12, LLC's notes matured on July 31, 2019. Dynamic W2E 12, LLC's notes were personally guaranteed by Dean Alford.

38.    Plaintiff Dynamic AES, LLC is a Tennessee limited liability company with its principal place of business in Chattanooga, Tennessee. Dynamic AES, LLC

10

invested $525,000 in Allied's Augusta Waste to Energy Project.  Dynamic AES, LLC's note matured on July 31, 2019. Dynamic AES, LLC's note was personally guaranteed by Dean Alford.

39.     Plaintiff Sachin Phade as guardian and next friend of Amiya Phade is an adult resident of Chattanooga, Tennessee.  Phade invested $25,000 in Allied's Georgia Power Solar Farm Project in April 2019.

40.     Plaintiff Sachin Phade as guardian and next friend of Anisha Phade is an adult resident of Chattanooga, Tennessee.  Phade invested $25,000 in Allied's Georgia Power Solar Farm Project in April 2019.

41.     Plaintiff Vijaykumar Phade is an adult resident of Bluefield, West Virginia.  Phade invested $25,000 in Allied's Georgia Power Solar Farm Project in April 2019.

42.     Defendant Clarence Dean Alford ("Dean Alford") is an adult resident of Conyers, Georgia. At most times relevant to this action, Dean Alford was the President and Chief Executive Office of Allied. Upon information and belief, Dean Alford was recently removed and/or recently resigned from Allied after news broke of the criminal investigation into allegations that Dean Alford forged a state employee's signature and filed fraudulent invoices to collect taxpayer funds for Allied. Dean, an electrical engineer and former Georgia State Representative held many leadership positions throughout the State, including serving as a member of

11

the Board of Regents and utility affiliates, including, but not limited to, Power4Georgians, LLC., Cobb Energy, and Pine2Energy Coalition. Dean was personally responsible for the formation of Allied for the purported purpose of developing energy projects throughout the United States and abroad.

43.    Defendant Dan Alford is an adult resident of Conyers, Georgia. At all times relevant to this action, Dan Alford served as and continues to serve as the Executive Vice President and Chief Financial Officer of Allied.

44.    Defendant Debbie Dlugolenski Alford is an adult resident of Atlanta, Georgia. Debbie Dlugolenski Alford is the wife of Dean Alford. Upon information and belief, at all times relevant to this action, Debbie Dlugolenski Alford had knowledge of and assisted Dean Alford in the perpetration of the scheme to defraud Plaintiffs. Mrs. Dlugolenski Alford knew or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct, including, without limitation, numerous extravagant domestic and international trips, the use and benefit of real property, and the payment of personal expenses.

45.    Defendant David Dlugolenski is an adult resident of Atlanta Georgia. At all times relevant to this action, David Dlugolenski served as and continues to serve as Allied's Senior Vice President of Project Finance. Mr. Dlugolenski knew

or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct, including, without limitation, the use and benefit of Plaintiffs' money and the payment of personal expenses.

46.     Defendant Allied Energy Services, LLC ("Allied") is a Georgia limited liability company with its principal place of business in Rockdale County. Upon information and belief, Augusta Waste-to-Energy, LLC received Plaintiffs' monies.

47.     Defendant Michael L. Horne, P.E. is an adult resident of Atlanta, Georgia. At all times relevant to this action, Horne served as and continues to serve as Allied's Senior Vice President of Engineering. Mr. Horne knew or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct, including, without limitation, the use and benefit of Plaintiffs' money and the payment of personal expenses.

48.     Defendant R. Warren Oldham is an adult resident of Atlanta, Georgia. At all times relevant to this action, Oldham served as and continues to serve as Allied's Vice President of Renewable Projects. Mr. Oldham knew or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and

derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct, including, without limitation, the use and benefit of Plaintiffs' money and the payment of personal expenses.

49.     Defendant Robert M. Vickery is an adult resident of Atlanta, Georgia. At all times relevant to this action, Vickery served as and continues to serve as Allied's Senior Vice President of Public Relations and Marketing. Mr. Vickery knew or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct, including, without limitation, the use and benefit of Plaintiffs' money and the payment of personal expenses.

50.     Defendant Versant Funding, LLC is a Florida limited liability company with its principal place of business in Boca Raton, Florida. Upon information and belief, Dean Alford transferred Plaintiffs' monies to Versant Funding, LLC.

51.     Augusta Waste-to-Energy, LLC is a Georgia limited liability company with its principal business in Conyers, Georgia at the office and location of Allied Energy Services. Upon information and belief, Augusta Waste-to-Energy, LLC received Plaintiffs' monies.

14

52.     Defendant K-12 Capital Advisors, LLC is a Georgia limited liability company with its principal place of business in Fulton County. At all times relevant to the action, K-12 Capital Advisors, LLC was and continues to serve as Allied's municipal advisor with the U.S. Security and Exchange Commission. Defendant K-12 Capital Advisors, LLC aided Dean Alford in presenting the financial information and prospectus to Plaintiffs.

53.     Defendant James R. Wilson is the Managing Partner of K-12 Capital Advisors and upon information and belief, was the responsible person managing the Allied account with K-12 Capital Advisors, LLC. Defendant Jamie Wilson aided Dean Alford in presenting the financial information and prospectus to Plaintiffs.

54.     Defendant Jitendra Gandhi, MD is an adult resident of Augusta, Georgia. Upon information and belief, Jitendra Gandhi recruited within the Plaintiffs' community to gain investors for Allied and the Allied Projects. Gandhi was paid commissions for the recruitment of Plaintiffs.

55.     Defendant Stephen Lepley is an adult resident of Chattanooga, Tennessee and owner and principal of The Lepley Group aka Profit Advisors, LLC. Defendant Stephen Lepley aided Dean Alford in presenting the financial information and prospectus to Plaintiffs.

56.     Defendant The Lepley Group aka Profit Advisors, LLC is a Tennessee limited liability company. Defendant The Lepley Group aka Profit Advisors, LLC

15

aided Dean Alford in presenting the financial information and prospectus to Plaintiffs.

57.   Defendant Fictitious Party 1-98, whether singular or plural, are those persons, enterprises, and/or entities (and their parents, subsidiaries, predecessors, successors, partners, members, shareholders, employees, agents, and other persons acted for or on their behalf): (1) who themselves or through their agents stole from, defrauded, and/or deceived Plaintiffs; (2) who themselves or through their agents engaged, participated, benefitted from, and/or otherwise were directly or indirectly involved in the acts and/or omissions alleged below; (3) who themselves or through their agents conspired with and/or aided and abetted Defendants or their agents to commit the underlying torts; (4) who themselves or through their agents have or had possession, custody, or control of Plaintiffs' Property (as defined below) and/or any of Defendants' real and/or personal property, all of whose true names and legal identities are unknown to Plaintiffs at this time, but who will be added by amendment, individually and jointly, when ascertained, and are liable to Plaintiffs, as set forth in more detail below. Fictitious Defendants 1-98 must be joined as parties in this action because, without them, complete relief cannot be afforded among those already parties, or Fictitious Defendants 1-98 may be joined in this action because the relief sought by Plaintiffs against the Defendants is joint, several, or alternative in respect of or arising out of the same transaction, occurrence or series of

transactions or occurrences and common questions of law or fact will arise in this action.

58.     Defendants, and each of them, were acting individually or as the agent, servant, employee, partner or co-venturer of one another or were otherwise engaged in a joint enterprise.  Alternatively, and/or additionally, Defendants, and each of them, were acting through their agents, servants, employees, partners and/or co-venturers and are liable to Plaintiffs under *respondeat superior* and/or agency theories or are otherwise vicariously liable to Plaintiffs.

## **FACTS**

59.     Allied Energy Services, LLC is a Georgia limited liability company located in Rockdale County, Georgia. Historically, Allied has been in the business of developing energy projects and consulting with clients to assess and manage their energy needs.

60.     Allied is responsible for handling approximately $5.5 billion in energy projects in North and Central America.

61.     Starting in 2018, Dean Alford, Dan Alford, David Dlugolenski, Michael L. Horne, R. Warren Oldham, Robert M. Vickery, Stephen Lepley, The Lepley Group aka Profit Advisors, LLC., Allied Energy Services, LLC., Versant Funding, LLC., Jamie Wilson, K-12 Capital Advisors, LLC., Augusta Waste-to-

17

Energy, LLC, and Fictitious Party 1-98 (collectively "Defendants") conspired with Jitendra Gandhi, MD to specifically target the Plaintiffs' community.

62.    Defendant Dean Alford and Jitendra Gandhi capitalized on the reputation of Allied to concoct illusory projects with the intent to defraud individual investors. Defendants Dean Alford, Jitendra Gandhi, and Stephen Lepley lured approximately 436 individual investors into their Ponzi scheme.

63.    Gandhi, a trusted member of the Plaintiffs' community, provided a measure of credibility to the Defendants and Allied. Gandhi told Plaintiffs that he travelled throughout the country with Dean meeting with local governments to establish more waste to energy projects, including Roanoke, Virginia, as well as other states including, Alabama, Arizona, Florida, Texas, and Tennessee. Gandhi received a commission on each individual investor he was able to bring into the scheme.

64.    In addition at that meeting, Defendants Gandhi and Lepley touted how they had both invested in Allied for many years and consistently "like clockwork" got 15% (even higher returns 20% if you got in on solar earlier).  Defendants Dean, Gandhi, and Lepley also made several representations, including, but not limited to:

a. Defendants assured the Plaintiffs that they were truthful, honest, and upstanding individuals that would perform all the duties and obligations owed to the individual plaintiff investors;

18

b. The Augusta Waste to Energy project would be completed by June 2019, if not earlier;

c. Defendants would start paying Plaintiffs profits received from Allied's production of biodiesel from the completed project;

d. Defendants had already secured a contract with an entity in Europe to purchase the biodiesel pellets for a certain price;

e. Delta Airlines, Inc., was a purchaser of Allied's biodiesel pellets; and

f. Plaintiffs' investments had minimal risk, if any at all, and that Plaintiffs would receive a full return of their investments, along with interests and opportunity for profit-sharing.

66.     Relying on the Defendants' communications, presentations, and prospectus provided during the initial meeting and subsequent investor presentations, the Plaintiff investors purchased security notes ("Notes") in excess of $6 million from the Defendants Dean Alford, Allied Energy Services, LLC., Augusta Waste-to-Energy, LLC., as investments in Allied's Waste-to-Energy Project, Allied's Solar Energy Project, or personal loans to Allied with personal guarantees from C. Dean Alford.

The Waste-to-Energy Project

67.     In or around 2018, Allied purportedly began exploring an approximately $36.3 million dollar project that would convert Municipal Solid

Waste (MSW) from the Deans Bridge Landfill in Augusta, Georgia into non-waste pellets as an alternative means for the environmentally safe disposal of garbage.

68.    Upon information and belief, after failing to obtain financing for the Waste-to-Energy project from corporate partners and venture capitalist, Defendants concocted a scheme to use individual investors to raise funds for the Waste-to-Energy project.

69.    Using Gandhi's ties to the Plaintiffs' community, the Defendants recruited individual and small business investors to fund the Waste-to-Energy Project.

70.    Upon information and belief, Defendants knew or should have known that the Waste-to-Energy Project was not feasible and/or illusory, and the Notes purchased would never be repaid.

71.    For example, to date, Defendants and Allied knew or should have known that any such project would require regulatory permitting from the Georgia Environmental Protection Division (GAEP) and without the appropriate permitting the project would not come to fruition.  To continue to lure Plaintiffs, Defendants Dean and Gandhi told Plaintiffs that they were working with U.S. EPA and GAEP to obtain the necessary permits—even going so far as to flash purported phone records which were supposed to demonstrate communications between Dean and environmental regulators.  Moreover, Defendants Dean and Gandhi gave Plaintiffs

the impression that the permits would not be hard to obtain and that the permits would be obtained quickly. However, to date, no such permit applications have been submitted by Defendants to GAEP.

72.     Instead of attempting to fulfill its obligations and complete the Waste to Energy project, Defendants regularly sought more investors and/or requested that the investors commit more money to the project although no construction had commenced on the project.

73.     Plaintiffs' total approximate investment in the Waste-to-Energy Project was $4,465,000.

The Waste to Energy Plaintiffs

| Plaintiff | Investment Amount |
|---|---|
| Hema Raju & Saas, LLC | $250,000 |
| Amirthalingadoss (Doss) Shanmugavelu | $50,000 |
| Crane Properties, LLC | $250,000 |
| Swamishakti, LLC | $250,000 |
| Kosha, LLC | $500,000 |
| Lakshmana Krottapalli | $50,000 |
| Shamil Management Group, LLC | $100,000 |
| Santhi Adigopula | $50,000 |
| Sejal Patel | $100,000 |
| Ariya Properties, LLC | $250,000 |
| Srinivasa Pathakamuri | $50,000 |
| Veena Harish | $50,000 |
| Venkat Sunil Chennur | $50,000 |
| Puja Chebrolu | $50,000 |
| Gautam Chebrolu | $100,000 |
| Ferdinand Alcaide | $50,000 |
| Rajendran Alappan | $50,000 |
| Rajeev Chauhan | $50,000 |

21

| Tamorie Smith | $50,000 |
| Dynamic W2E 12, LLC | $1,390,000 |
| May Partners, LLC | $100,000 |
| Venkatachalam Kannappan | $50,000 |
| Dynamic AES, LLC | $525,000 |
| Vinayak Ramanath | $50,000 |
| | **Total Investment: $4,465,000** |

The Solar Project

74.     Shortly after the Defendants had established the first round of investors in the Waste-to-Energy Project, the Defendants realized they would need additional investors in order to repay the Waste-to-Energy investors. As such, Defendants furthered their fraud by concocting a Solar Energy project to gain additional investors in Allied and enable Defendants to continue making interest payments to the Waste-to-Energy investors.

75.     The Solar project was presented as an investment in Allied's bid process for security option agreements on land contracts to be purchased by European developers who would step into Allied's position and ultimately provide the funds to purchase the land. Allied claimed to have partnerships with European solar developers who would pursue and develop utility scale projects in Georgia under Georgia's 2019 Renewable Energy Development Initiative ("REDI") program. Defendants presented the Solar project as "no risk" because the funds would never leave Allied's escrow account.

76.     Defendants initially paid minimal interest payments to some of the Waste-to-Energy Plaintiffs. These initial interest payments further gave the Defendants credibility in the Plaintiffs' community.

77.     In February of 2019, the Defendants again solicited investments within the Plaintiffs' community for the Allied Georgia Power Solar Farm Project. In this round of investment presentations, Defendants managed to pilfer $1,475,000 million in investments from Plaintiffs.

78.     In or around late April 2019, after collecting the second round of investments for the Solar Project, Defendants stopped paying any interest payments to Plaintiffs and refused to return Plaintiffs' investments after Plaintiffs attempted to call in their investment loans.

The Solar Plaintiffs

| Plaintiff | Investment Amount |
|---|---|
| Amirthalingadoss (Doss) Shanmugavelu | $100,000 |
| Ashka Manoj Patel | $50,000 |
| Bhavna N. Desai and Nitin R Desai | $50,000 |
| Kosha, LLC | $500,000 |
| Lakshmana Krottapalli | $50,000 |
| Malini Radhakrishnan | $50,000 |
| Piyush Patel | $100,000 |
| Shankar Thiruppathi | $50,000 |
| Suresh Nukala | $100,000 |
| Veena Harish | $50,000 |
| Rani Chebrolu | $100,000 |
| Venkatachalam Kannappan | $100,000 |
| Vibhuti Ansar | $50,000 |
| Dosti 2019, LLC | $50,000 |

| | |
|---|---:|
| Vraj Manoj Patel | $50,000 |
| Sachin Phade as guardian and next friend Amiya Phade | $25,000 |
| Sachin Phade as guardian and next friend Anisha Phade | $25,000 |
| Vijaykumar Phade | $25,000 |
| | **Total Investment: 1,475,000** |

79.    A handful of the Plaintiffs made loans directly to Allied. These loans were personally guaranteed by C. Dean Alford.

The Loan Plaintiffs

| Plaintiff | Investment Amount |
|---|---:|
| Kurudi H. Muralidhar | $25,000 |
| Samhitha Medatia | $50,000 |
| | |
| | **Total Investment: $75,000** |

80.    At all times relevant, Plaintiffs were told that their risk was minimal and that they would receive interest payments on a quarterly or monthly basis and the return of their investment within one year.  However, to date, none of the Plaintiffs have received any return of their principal nor complete payments of their interest.

81.    When the Plaintiffs requested their interest payments, they were repeatedly rebuffed.  First, Dean would ignore their requests all together.  Followed by next telling the Plaintiffs that he did not have their address to mail the check.  Next, Dean would email the Plaintiff and say the "check was in the mail" or that

24

Allied was having administrative staff issues which was holding up the checks from being processed.  Lastly, when those excuses ran short, Dean refused to respond to the Plaintiffs.

82.     In more recent days, Dean has continually represented to Plaintiffs that repayment of their money was imminent—however, to date, although demand of their return has been made, Defendants have yet to pay them.

## CAUSES OF ACTION

## COUNT I – VIOLATIONS OF FEDERAL SECURITIES LAW AND GEORGIA BLUE SKY LAW

83.     Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

84.     Defendants, directly or indirectly, singly or in concert, in the offer and sale of securities, by the use of the means or instruments of transportation or communications in interstate commerce, or by use of the mail, knowingly or recklessly have: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of untrue statements of material facts or by omitting to state material facts necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in transactions, practices or courses of business which operated as a fraud or deceit on the Plaintiffs. By reason of the foregoing, Defendants, directly or indirectly, singly

or in concert have violated and unless enjoined will again violate Section 17(a) of

the Securities Act of 1933 [15 U.S.C. §77q(a)].

85.     Defendants, directly or indirectly, singly or in concert, by use of the

means or instrumentalities of interstate commerce or of the mails in connection with

the purchase or sale of securities, knowingly and recklessly have: (a) employed

devices, schemes or artifices to defraud; (b) made untrue statements of material fact,

or omitted to state material facts necessary in order to make the statements made, in

light of the circumstances under which they were made, not misleading; and/or (c)

engaged in acts, practices and courses of business which operated as a fraud or deceit

on the Plaintiffs. By reason of the foregoing, Defendants, directly or indirectly,

singly or in concert, have violated, and unless enjoined will again violate, Section

10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder

[17 C.F.R. § 240.10b-5] and/or Georgia Code §§ 10-5-50, et seq.

86.     During Dean Alford's employment with and work for Allied, Dean

Alford acted as a controlling person of Allied and Augusta Waste-to-Energy. As

alleged above Defendants knowingly or recklessly engaged in fraudulent conduct

that resulted in violations of federal securities law. By reasons of the foregoing, Dean

Alford is liable as a controlling person pursuant to Section 20(a) of the Exchange

Act of 1934 and/or Georgia Code §§ 10-5-50, et seq for Allied's violations of Section

10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and/or Georgia Code §§ 10-5-50, et seq., respectively.

87.    By engaging in the conduct alleged above, Defendants knowingly and recklessly provided substantial assistance to each other with respect to their violations of Section 10(b) of the Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. By reason of the foregoing, Defendants are liable under Section 20(e) of the Exchange Act of 1934 and/or Georgia Code §§ 10-5-50, et seq for aiding and abetting each other's violations of the Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and/or Georgia Code §§ 10-5-50, et seq., respectively.

## **COUNT II-VIOLATIONS OF Sections 11 and 12 of the 1933 Act**

88.    Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

89.    This claim is brought pursuant to Sections 11 and 12 of the 1933 Act, [15 U.S.C. § 77k] against the Defendants as issuer of the Notes through which shares in the Waste to Energy and Solar Energy projects were offered.

90.    Plaintiffs purchased the Notes pursuant to, or traceable to, the materially false and misleading statements and prospectus provided by Defendants.

91.    Plaintiffs sustained damages in that the value of the Notes has declined substantially from the prices at which they were purchased.

27

92.     At the time of their purchase of the Notes, the Plaintiffs were without knowledge of the facts concerning the untrue statements or omissions herein and could not have reasonably discovered those facts prior to the loss of their value.

93.     No applicable statute of limitations relevant to this Count and claim has elapsed or expired, as previously alleged herein.

### COUNT III- VIOLATION OF Section 5 of the 1933 Act

94.     Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

95.     Defendants, directly or indirectly, singly or in concert, in the offer and sale of securities, by the use of the means or instruments of transportation or communications in interstate commerce, or by use of the mail, knowingly or recklessly have solicited, offered, and sold unregistered securities to Plaintiffs in violation of Section 5(a) and (c) of the Securities Act of 1933 [15 U.S.C. § 77e].

96.     The Notes sold to Plaintiffs were not registered pursuant to Section 5 of the 1933 Act.

97.     The Notes sold to Plaintiffs were required under applicable principles of law to have been registered pursuant to Section 5 of the 1933 Act.

98.     The Defendants were offerors, material, and active participants in the sale of the Notes to Plaintiffs.

28

99.     No applicable statute of limitations relevant to this Count and claim has elapsed or expired, as previously alleged herein.

## COUNT IV – CIVIL RICO

100.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

101.   Defendants have been employed by and/or associated with the enterprise and while so employed and/or associated have conducted, directed, managed, or participated in, either directly or indirectly, the conduct of the enterprise's affairs and business affecting interstate commerce through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the Plaintiffs.

102.   Defendants' fraudulent scheme was to obtain the Plaintiffs as "investors" in their purported enterprises to steal a portion of the Plaintiffs' money, conceal the theft through deceit, including, without limitation, fraudulent investments, business entities and documentation and misrepresentations, and use the funds for their own lavish lifestyle. The scheme to steal the Plaintiffs' assets was successfully deployed by wire fraud and mail fraud, allowing Defendants to loot Plaintiffs' assets. Defendants continue to perpetrate this criminal enterprise.

103.   The enterprise is a group of persons and/or entities associated together for a common purpose of engaging in a course of conduct. The structural enterprise

is consistent with that of an organized crime family with Dean Alford at the core.
The enterprise consisted of all Defendants. Each person employed by or associated
with the enterprise had separate identities to the enterprise itself. Each person
associated with the enterprise managed and directed specific components of the
enterprise, each component being critical to the success of the enterprise itself.
However, if one member of the enterprise left the enterprise it would continue as an
ongoing criminal enterprise until stopped by law enforcement.

104.   The enterprise operated out of Rockdale County, Georgia, but
conducted its affairs in various locations in the United States using interstate
commerce and affecting interstate commerce and at all times an enterprise as defined
in 18 U.S.C. § 1961(4).

105.   Pursuant to and in furtherance of the ongoing scheme, the Defendants
conspired to commit and/or committed dozens of predicate acts or aided and abetted
in the commission of predicate acts as proscribed by 18 U.S.C. § 1961(1)(B)
between 2018 through the present, including wire fraud, mail fraud, money
laundering and violation of the National Stolen Property Act, 18 U.S.C. § 2311, et
seq.

106.   Defendants have been employed by and/or associated with the
enterprise and while so employed and/or associated, have conducted, directed,
managed or participated in, either directly or indirectly, the conduct of the

enterprise's affairs and business through the pattern of racketeering activity described above in violation of 18 U.S.C. § 1962(c). Defendants have all conspired to conduct and participate in the enterprise, use or invest income derived from a pattern of racketeering activity in an interstate enterprise, and have knowingly agreed to commit the predicate acts described above, among other things. Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above.

107.   As the actual and proximate cause of the conspiracy and operation of the enterprise, Defendants association with the enterprise, Defendants conducting the affairs of the enterprise through the pattern of racketeering activity and commission of the predicate acts committed by them, the Plaintiffs have had their properties and businesses damages. The plaintiffs are entitled to treble damages.

## COUNT V – NEGLIGENCE AND/OR WANTONNESS

108.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

109.   Defendants owed duties to the Plaintiffs to, among other things, comply with rules and regulations promulgated by federal and state government and self-regulatory organizations, deal in good faith, fairly, and honestly with Plaintiffs,

31

honor or comply with their promises and obligations, avoid self-dealing, and properly manage the Plaintiffs' investment monies.

110.   Defendants breach their duties to Plaintiffs.

111.   Defendants negligently, recklessly, and/or wantonly failed to supervise Allied's employees, agents and/or consultants permitted or failed to prevent the negligent and/or wanton acts and/or omissions alleged above, and failed to adhere to generally accepted financial industry practices and standards.

112.   Defendants knew, or should have discovered in the exercise of due diligence that its employees, agents, and/or consultants were engaging in negligent, reckless, wanton, and/or intentional misconduct.

113.   As a direct and proximate cause of the negligent acts and/or omissions of Defendants and the negligent, reckless, and/or wanton supervision or Defendants, the Plaintiffs have suffered and continued to suffer substantial damage.

114.   These tortious acts of Defendants were part of an overall scheme or conspiracy and were willful, wanton, malicious, oppressive, reckless and/or caused foreseeable harm to Plaintiffs.

## COUNT VI – DECEPTIVE TRADE PRACTICES ACT

115.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

116.   Defendants have engaged, and continued to engage, in deceptive acts or practices in the conduct of their trade or commerce, including, without limitation, engaging in unconscionable, false, misleading or deceptive acts or practices in the conduct of their trade or commerce.

117.   For instance, Defendants have made deceptive, misleading, and fraudulent statements to the Plaintiffs, and in communications with the Plaintiffs actual or prospective contractual or business relations. The willful, intentional and illegal acts of Defendants constitute unfair or deceptive acts or practices in trade or commerce affecting public interest, which are capable of repetition, and caused the Plaintiffs to suffer substantial loss as a result of those unfair or deceptive practices.

118.   The past and continuing harm to the Plaintiffs is serious and unmitigated hardship. As a direct and proximate cause of this unfair competition and deceptive trade practices, the Plaintiffs have been damaged in an amount not completely ascertainable at this time; however, the Plaintiffs will continue to suffer injury to their rights and business interests, unless and until Defendants are restrained from continuing their wrongful acts.

119.   These tortious acts of Defendants were part of an overall scheme or conspiracy and were willful, wanton, malicious, oppressive, reckless and/or caused foreseeable harm to the Plaintiffs.

## COUNT VII – FRAUD / MISREPRESENTATION / FRAUDULENT SUPPRESSION / DECEIT

120.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

121.   As set forth above, before and at the inception of their business relationship, Defendants made express and implied misrepresentations to Plaintiffs about the proposed business relationship, namely that Defendants would be truthful, honest and fair with the Plaintiffs and that Defendants could and would perform all duties and obligations owed by them to the Plaintiffs as the fiduciaries over their investment monies. Specifically, Defendants represented that they would repay Plaintiffs their principal and at interest rates between 12-20%. Defendants continue to make these representations to the Plaintiffs.

122.   Defendants made misrepresentations of material fact willfully to deceive, recklessly without knowledge, or by mistake and innocently, namely that Defendants would be truthful, honest and fair with the Plaintiffs and Defendants could and would perform all duties and obligations owed by them to the Plaintiffs as the fiduciaries over their investment monies.

123.   Defendants falsely, intentionally, willfully, wantonly, maliciously, recklessly, negligently and/or innocently misrepresented the material facts identified above to the Plaintiffs to induce them to act or refrain from acting, including, without limitation, convincing the Plaintiffs to invest and continue to invest with Defendants.

34

Plaintiffs reasonably relied on and acted to their detriment as a result of Defendants' misrepresentations.

124.   Defendants suppressed facts which were material to the Plaintiffs and material to their business relationship, namely the Defendants would not be truthful, honest and fair with Plaintiffs, that Defendants could not and would not perform all the duties and obligations owed by Defendants to Plaintiffs as the fiduciaries over their investment monies and that the purported "investments" were illusory and not suitable for Plaintiffs.   Defendants also provided the Plaintiffs with information which was likely to mislead without complete and accurate communications of that information. Defendants recklessly suppressed these facts, without true knowledge thereof, or suppressed these facts by negligence or mistake, but they did so with the intention that the Plaintiffs rely on the information Defendants were giving to them.

125.   Defendants made the misrepresentations identified above intentionally and with knowledge of their falsity and/or withheld and suppressed facts which they knew or reasonably should have known to be material to the Plaintiffs. The Plaintiffs' actions or failures to act were reasonable and justified. Specifically, the Plaintiffs reasonably and foreseeably relied on the misrepresentations and information provided by Defendants in entering into and continuing a business relationship with Defendants.

126.   Defendants' fraud, misrepresentations, fraudulent concealment or suppression and deceit were the direct and proximate cause of pecuniary loss and damage to the Plaintiffs. Plaintiffs invested substantial funds in the Allied Energy Projects on which Plaintiffs failed to receive any return. Plaintiffs have now discovered the Allied Energy Projects were a massive scheme to defraud Plaintiffs.

## COUNT VIII – BREACH OF CONTRACT

127.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

128.   Defendants Allied Energy Services, LLC., Dean Alford, and Augusta Waste-to-Energy, LLC., entered into contracts with Plaintiffs whereby Plaintiffs would invest in the Allied Energy Projects and upon maturity, Allied Energy, Dean Alford, and Augusta Waste-to-Energy, LLC., would return Plaintiffs' investments.

129.   Plaintiffs have performed all of their obligations under the contracts with Defendants Allied Energy Services, LLC., Dean Alford, and Augusta Waste-to-Energy, LLC.

130.   Defendants Allied Energy Services, LLC., Dean Alford, and Augusta Waste-to-Energy, LLC., have not returned Plaintiffs' investments.

131.   Plaintiffs have been damaged as a direct and proximate result of Defendants Allied Energy Services, LLC., Dean Alford, and Augusta Waste-to-Energy, LLC.'s, breaches.

36

## COUNT IX – CONVERSION

132. Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

133. Defendants took the Plaintiffs' investment moneys and used it for their own personal use and benefit.

134. Plaintiffs have never been reimbursed for the money given to the Defendants.

135. By failure to properly pay Plaintiffs, Defendants have appropriated money owed to Plaintiffs for Defendants' own benefit.

136. As a result of Defendants' wrongful actions, Plaintiffs have suffered substantial damages.

## COUNT X– CIVIL CONSPIRACY

137. Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

138. Defendants recklessly, willfully and intentionally conspired with one another in callous disregard for the Plaintiffs' rights and interests to accomplish an unlawful end or to accomplish a lawful end by unlawful means. Defendants agreed to commit each of the wrongful and tortious interference, conversion and fraud, and the Defendants devised a plan to accomplish their ends.

139.   The intent and purpose of the conspiracy, and the underlying combinations of unlawful acts and misconduct by each of the Defendants, was to induce Plaintiffs to invest in the Allied Energy Projects. Each Defendant had a personal financial motive or incentive to accomplish the conspiracy.

140.   As a result of Defendants' conspiracy to commit the wrongful actions set forth above, Plaintiffs have suffered, and continue to suffer, severe, immediate and irreparable harm, damage and injury by the wrongful acts committed in the course of the conspiracy.

## COUNT XI – PROMISSORY ESTOPPEL

141.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

142.   Defendants clearly and unequivocally made certain promises and representations as more fully described above, including, without limitation, those promises and representations concerning investments and transactions. Defendants intended for the Plaintiffs to rely on those promises and representations.

143.   Plaintiffs reasonably and foreseeably relied on the said promises and representations by, among other things, entering into a business relationship with Defendants and allowing them access to and the ability to manage the Plaintiffs' investment monies.

144.   Defendants failed to comply with their promises and representations to the Plaintiffs to their detriment.

145.   Injustice will result if Defendants' promises are not enforced or the Plaintiffs are not awarded damages incurred as a result of Defendants' failure to keep their promises.

146.   These tortious acts of Defendants were part of an overall scheme or conspiracy and were willful, wanton, malicious, oppressive, reckless and/or caused foreseeable harm to the Plaintiffs.

## COUNT XII – UNJUST ENRICHMENT

147.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

148.   Defendants improperly used and procured the assets of the Plaintiffs. Defendants breached their duties and obligations to the Plaintiffs, as described above. Defendants benefited, and continue to benefit, directly or indirectly from their use and/or possession of the Plaintiffs monies and continue possession of the same.

149.   By their wrongful acts and omission, Defendants have been unjustly enriched at the Plaintiffs' expense.

150.   The circumstances of Defendants' unjust enrichment are such that they should, in good conscience, make restitution to the Plaintiffs, which includes,

without limitation, disgorging all properties, profits, benefits and/or other compensation obtained by Defendants from their wrongful conduct.

## COUNT XIII – MONEY HAD AND RECEIVED

151.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

152.   Defendants are holding money that, in equity and good conscience, belongs to the Plaintiffs.

153.   Defendants received that money by mistake and/or wrongful and unlawful acts and/or omissions identified above.

154.   Defendants owe the Plaintiffs in excess of $6 million for money paid by the Plaintiffs to Defendants by mistake and/or for money had and received.

## COUNT XIV– PIERCING THE CORPORATE VEIL

155.   Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein.

156.   Upon information and belief, the Defendants dominate and control the acts and practices of Allied Energy and Augusta Waste-to-Energy to such an extent that Allied Energy and Augusta Waste-to-Energy no longer exists as separate entities or its use is subverted to their individual direction and control by:

- Acting negligently, recklessly, maliciously, intentionally and/or in bad faith by inducing Plaintiffs to invest money in Allied and the Allied Projects and then using that money for themselves and/or for other enterprises;

40

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully request that this Court enter a judgment in their favor and against Defendants jointly and severally for the following:

A.      for actual damages, consequential damages, punitive and exemplary damages, statutory damages and penalties, pre- and post-judgment interest, costs and reasonable attorneys' fees;

B.      for a temporary restraining order and preliminary and permanent injunctive relief restraining Defendants and their officers, agents, servants, employees, attorneys and those acting in active concert or participation with them from engaging in the wrongful and unlawful acts and/or omissions identified above, including, without limitation, engaging in securities fraud;

C.      for return of all Plaintiffs' money, including interest;

D.      for an accounting of Plaintiffs' Property and any monies received by Defendants from the conversion, misappropriation, use, or sale of Plaintiffs' Property or other assets, and for payment of any amount found to be due from Defendants to Plaintiffs as a result of the accounting with interest on that amount;

E.      for the imposition of an equitable lien and a constructive trust on the real and personal property of Defendants based on their wrongful acts and omissions,

including, without limitation, converting, misappropriating, using, and selling Plaintiffs' Property;

F.      for restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Defendants;

G.      entry of judgment determining that the Defendants and Debbie Dlugolenski Alford are the alter ego of Allied and/or otherwise piercing the corporate veil of Allied;

H.      for attorneys' fees, court costs and expenses; and

I.      for such other and further relief sought above or to which Plaintiffs may show themselves justly entitled at law or in equity.

## JURY DEMAND

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL CLAIMS**

- Using Allied Energy and Augusta Waste-to-Energy as a shield against personal liability.

- Diverting assets from entity to entity to the detriment of creditors, investors and/or customers;

- Using Allied Energy and Augusta Waste-to-Energy to procure capital, labor, services and/or merchandise for himself and/or other enterprises owned or controlled, directly or indirectly, by Defendants;

- Failing to adequately capitalize Allied Energy, Augusta Waste-to-Energy, and the Allied Projects;

- Failing to follow corporate formalities and maintain adequate records; and

- Comingling assets.

157.   The recognition of a legal distinction between Allied Energy and Augusta Waste-to-Energy and the Defendants, would be grossly unfair and inequitable under the circumstances. Effectively it would sanction fraud. The separate legal distinction between Allied Energy and Augusta Waste-to-Energy and the Defendants, should be disregarded.

158.   Plaintiffs have suffered damages as a direct result of the Defendants improper domination of Allied.

Respectfully submitted,

*/s/ S. Lester Tate, III*
S. Lester Tate, III (GA 698835)
Akin & Tate Attorneys
11 S Public Square
Cartersville, GA 30120
tate@akin-tate.com
770-382-0780

**OF COUNSEL:**
Andrew P. Campbell (pro hac submitted)
Yawanna McDonald (pro hac submitted)
Erin G. Godwin (pro hac submitted)
**CAMPBELL PARTNERS, LLC**
505 20th Street North
Suite 1600
Birmingham, AL 35203
Tel: 205.224.0756
Fax: 205.383.2669
andy@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com
erin@campbellpartnerslaw.com

44

## <u>THE FOLLOWING DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:</u>

Clarence Dean Alford
1555 Reagan Circle
Conyers, GA 30012

Dan Alford
3429 Monica Ln SW
Conyers, GA  30094

Debbie Dlugolenski Alford
1555 Reagan Circle
Conyers, GA 30012

Allied Energy Services, LLC
c/o C. Dean Alford
1506 Klondike Road,
Conyers, GA 30094

Versant Funding, LLC
c/o Mark D. Weinberg
2500 N Military Trail, Suite 465
Boca Raton, FL 33431

K-12 Capital Advisors, LLC
c/o James R. Wilson
3340 Peachtree Road, Suite 1780
Atlanta, GA 30326

James R. Wilson
3340 Peachtree Road, Suite 1780
Atlanta, GA 30326

Stephen Lepley
1467 Market St., Apt 207
Chattanooga, TN 37402-4463

The Lepley Group aka Profit Advisors, LLC
c/o CT Corporation System

45

2 N. Jackson Street, Suite 605
Montgomery, AL 36104

Jitendra Gandhi
1222 Arcilla Pointe
Evans, GA 30809

Augusta Waste-to-Energy
c/o C. Terry N. Massey
1506 Klondike Road,
Conyers, GA 30094

Warren Oldham
1000 Mansell Exchange W
Alpharetta, GA 30022

Robert Vickery
1506 Klondike Road,
Conyers, GA 30094

David Dlugolenski
1435 Rolling Links Dr.
Alpharetta, GA 30004

Michael Horne
1506 Klondike Road,
Conyers, GA 30094

*/s/ S. Lester Tate, III*
OF COUNSEL