NOTES

## NEGOTIABLE NOTE

Loan Amount:  $25,000                    Date April 26, 2018
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga.  30012, hereby promises to pay to the order of Kurudi Muralidhar, (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $25,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of 18% (Eighteen Percent) annualized of the investment paid monthly. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before October 30, 2018.

In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER                                      BORROWER

By: _____          By: _____
    Kurudi Muralidhar                          Allied Energy Services, LLC


                                            GUARANTOR

                                            By: _____
                                                C. Dean Alford

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $250,000                                         Date: December 12, 2018

Chattanooga, Tennessee

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Hema Raju & Saas, LLC, a Georgia limited liability company (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifty (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.33% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable. This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder. For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a) The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By:

Name: Hema Raju & Saas, LLC

BORROWER

By:

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By:

Name: C. Dean Alford

Its: President and CEO

 Bank Account Transfers

**Bank Accounts : 1-877-247-2559**

What's Next?

- If we need to contact you for additional verification, we'll call the number in your profile
- To cancel this wire transfer request, call us immediately at 1-877-247-2559

**You submitted a wire transfer request.**

| | |
|---|---|
| From: | Online Savings Account ******8526<br>Available Balance: $309,184.92 |
| Wire Amount: | $250,000.00 |
| Wire Fee: | $20.00 |
| Total: | $250,020.00 |
| Request Date: | Dec 13, 2018 |
| Recipient: | Allied Energy Services LLC |
| Bank Name: | BANK OF AMERICA, N.A., NY |
| Recipient Account Number: | 334044408409 |
| Recipient Routing Number: | 026009593 |
| For Further Credit To / Additional Instructions | Hema Raju SAAS LLC |

**Authorization and Agreement** as a "payment order" under Article 4A of the Uniform Commercial Code.

1. As a security procedure, we may verify that you authorized this payment order by telephoning you to confirm that you initiated the request. We will generally call you based on the dollar amount of this payment order or if we need to further verify your request. You agree that this "callback" security procedure is commercially reasonable and meets your security requirements. We will not be liable for our refusal to honor any payment order if we are unable to satisfy ourselves that you requested the payment order.

2. You must ensure that the account number of the beneficiary and the bank routing number of the beneficiary's bank are ABSOLUTELY ACCURATE. All banks process and post payment orders by the account number of the beneficiary and by the bank's routing number and not by the name of the beneficiary or by the name of the beneficiary's bank. We will not verify the accuracy of any account number or routing number provided by you.

3. We reserve the right to delay or not to process payment orders (a) to beneficiaries listed on the Specially Designated National lists from the U.S. Department of Treasury, or (b) for any reason related to an Executive Order of the President, Foreign Governmental Embargoes/ Sanctions, or directive of the U.S. Department of Treasury.

4. We cannot revoke or cancel a payment order once it has been sent and we will not be liable to you if we cannot recover any funds already transferred.

5. We will not be liable for the insolvency, neglect, misconduct, mistake, default or delay of any other bank, entity or person whether or not that other bank, entity or person is our agent.

6. Our liability for failure to follow your instructions will be limited to the amount of any payment order lost plus incidental expenses and interest. In no event will we be liable for any present or future indirect or consequential damages, punitive damages or special damages, whether or not we were first advised of the possibility of such damages. We reserve the right to reject any payment order for any reason, including, but not limited to, the lack of sufficient available funds in the account to be charged.

7. You must notify us in writing of any error, mistake or irregularity within 60 calendar days after the payment order was requested. Thereafter, we will have no liability to you.

8. We do not send outgoing international wire transfers to beneficiaries located in other countries.

Ally Financial Inc. (NYSE: ALLY) is a leading digital financial services company and a top 25 U.S. financial holding company offering financial products for consumers, businesses, automotive dealers and corporate clients. Ally Bank, the company's direct banking subsidiary, offers an array of banking products and services.

...sit products ("Bank Accounts" on Ally.com) are offered by Ally Bank, Member FDIC. Zelle and the Zelle related marks are wholly owned by Early Warning Services, LLC and are used herein under ...use. Mortgage products are offered by Ally Bank, Equal Housing Lender ⌂ , NMLS ID 181005. Credit and collateral are subject to approval and additional terms and conditions apply. Programs, rates and terms and conditions are subject to change at any time without notice.

The Ally CashBack Credit Card is issued by TD Bank, N.A.

Securities products and services are offered through Ally Invest Securities LLC, member FINRA and SIPC . View all Securities disclosures

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $250,000                                Date: December 12, 2018

Chattanooga, Tennessee

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and SwamiShakti, LLC. a Georgia limited liability company (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifty (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.33% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____   12/19/18

Name: SwamiShakti, LLC

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $500,000                                    Date: December 12, 2018

Chattanooga, Tennessee

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Kosha LLC, LLC. a Georgia limited liability company (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifty (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.66% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.


4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Kosha, LLC

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $500,000                                          Date: February 18, 2019

Atlanta, Georgia

 This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Kosha LLC (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

 The principal balance owing hereunder shall bear interest from and after the date hereof at an annual interest rate of Fifteen Percent (15%) on the unpaid principal balance. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 18, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)  Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

 IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Kosha LLC  (Member)

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000                          Date: December 18, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Rajeev Chauhan (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants. Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b) Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b)
three business after such communication is deposited in the mails, registered or certified, return receipt
requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized
representatives, the day and year above set forth.

HOLDER

By: _____

Name: Rajeev Chauhan

BORROWER

By _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000                      Date: December 18, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Vinayak Ramanath (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable. This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder. For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a) The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants. Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b) Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Vinayak Ramanath

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000                          Date: December 18, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Tamorie Smith (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable. This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder. For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a) The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Tamorie Smith

BORROWER

By _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000                          Date: December 18, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Rajendran Alappan  (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable. This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

.This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Rajendran Alappan

BORROWER

By _____
Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By _____
Name: C. Dean Alford
Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $50,000                        Date: December 18, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Amirthalingadoss Shanmugavelu (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above; or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants. Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b) Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Amirthalingadoss Shanmugavelu

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $100,000                           Date: March 26, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Amirthalingadoss Shanmugavelu (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDREDTHOUSAND DOLLARS ($100,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Fifteen percent (15%) paid quarterly. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before March 25, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable. This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a)     Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b)     There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c)   The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder. For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)   The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b)   The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c)   The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d)   The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a)   The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)   Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Amirthalingadoss Shanmugavelu

BORROWER

By _____

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By _____

Name: C. Dean Alford
Its: President and CEO

<u>NEGOTIABLE NOTE</u>

Loan Amount:  $25,000        Date September 21, 2017
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga.  30012, hereby promises to pay to the order of Kurudi Muralidhar, (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $25,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

      The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of 18% (Eighteen Percent) annualized of the investment paid monthly. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before March 30, 2018.

      In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

      If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

      Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

      IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER                      BORROWER

By:_____     By: *C. DEAN ALFUP*
    Kurudi Muralidhar           Allied Energy Services, LLC


                          GUARANTOR
                          By_____
                          C. Dean Alford

# NEGOTIABLE NOTE

Loan Amount: $50,000                    Date: February 14, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Malini Radhakrishnan (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Fifteen percent (15%) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 14, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)  Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _Malini  Radhakrishnan_
Name: Malini Radhakrishnan

BORROWER

By: _[signature]_

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By: _[signature]_

Name: C. Dean Alford
Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $100,000                    Date: February 14, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Suresh Nukala (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at an annual interest rate of Fifteen Percent (15%) on the unpaid principal balance. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 13, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)  Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Suresh Nukala

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $50,000          Date: February 20, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Shankar Thiruppathi (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Twelve percent (12%) paid quarterly.  The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 20, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a)      Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b)      There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

ST

(c)     The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)     The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b)     The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c)     The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d)     The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a)     The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)     Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.



Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Shankar Thiruppathi

BORROWER

By _____

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By _____

Name: C. Dean Alford
Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $50,000                           Date: December 21, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Santhi Adigopula (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

 IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Santhi Adigopula

BORROWER

By _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $50,000                    Date: February 18, 2019

Atlanta, Georgia

THIS NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Vibhuti Ansar (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($100,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Fifteen percent (15%) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 18, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a)        Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b)        There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c)     The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)     The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b)     The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c)     The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d)     The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a)     The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)     Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Vibhuti Ansar

BORROWER

By _____

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By _____

Name: C. Dean Alford
Its: President and CEO

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $250,000                          Date: February 7, 2019

Atlanta, Georgia

 This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Ariyaproperties LLC (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

 The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of FIFTEEN (15%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

 As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.33% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Ariyaproperties LLC

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $50,000                            Date: February 14, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Ashka Manoj Patel (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at an annual interest rate of Fifteen Percent (15%) on the unpaid principal balance. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 13, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a)      Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b)      There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c)      The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)      The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b)      The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c)      The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d)      The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a)      The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)      Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Ashka Manoj Patel

BORROWER

By _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $100,000                                    Date: December 17, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Shamil Management PC (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.13% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.


4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Shamil Management PC

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $250,000                                    Date: September 21, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Crane Properties, LLC (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of FIFTEEN (15%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifty (15th) day of the month after the end of the quarter.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.487% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any Conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 30 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b) Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day, or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _FALGUN PATEL_    9/24/2018

Name: Crane Properties, LLC

Its: Managing Partner

BORROWER

By: C. Dean Alford

Name: C. Dean Alford

Its: President and CEO

<u>NEGOTIABLE NOTE</u>

Loan Amount:  $25,000          Date October 15, 2018
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga.  30012, hereby promises to pay to the order of Amar and Samhitha Medatia, (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $25,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

  The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of 18% (Eighteen Percent) annualized of the investment paid monthly. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before October 14, 2019.

  In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

  If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

  Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

  IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER

By: _____
  Amar Medatia


By: _____
  Samhitha Medatia


BORROWER

By: *C. Dean Alford*
  Allied Energy Services, LLC


GUARANTOR


By: *C. Dean Alford*
  C. Dean Alford

<u>NEGOTIABLE NOTE</u>

Loan Amount: $25,000                    Date May 1, 2018
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called
"Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012,
hereby promises to pay to the order of Amar and Samhitha Medatia, (hereinafter called
"Lender"), or any subsequent holder hereof, the principal sum of $25,000 in legal tender
of the United States, with interest and origination fee thereon as hereinafter set forth.
Principal and interest shall be payable at Holder's address set forth above, or at such
address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date
hereof at the rate of 18% (Eighteen Percent) annualized of the investment paid monthly.
The principal balance owing hereunder, together with all accrued but unpaid interest
thereon, shall be due and payable in full in a single balloon payment on or before
October 31, 2018.

In the event that all or any part of the indebtedness evidenced hereby is collected
by or through an attorney at law, Borrower shall be entitled to recover all costs of
collection, including attorney's fees.

If Borrower fails to pay when due any amount payable hereunder, Borrower shall
be in default. In the event of a default hereunder, at the option of the Lender, the total
unpaid balance hereof, including the entire principal amount outstanding, and all accrued
interest thereon, may be declared, and thereupon immediately shall become due and
payable. In addition, this loan is personally guaranteed by C. Dean Alford having
address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in
the event of a default by Borrower.

Waiver of a breach of any provisions, term or condition of this Note shall not
operate or be construed as a waiver of any subsequent breach, and the acceptance of a
past due payment shall not be construed as a waiver of Lender's rights to require strict
compliance with all terms and conditions herein.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by
its duly authorized representatives, the day and year above set forth.

LENDER

By: _Amar Medatia_
    Amar Medatia

By: _____
    Samhitha Medatia

BORROWER

By: _C. Dean Alford_
    Allied Energy Services, LLC

GUARANTOR

By _____
   C. Dean Alford

## NEGOTIABLE NOTE

Loan Amount: $50,000                              Date: February 20, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and DOSTI 2019, LLC (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Twelve percent (12%) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 20, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a)      Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b)      There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c)      The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

## 4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)      The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b)      The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c)      The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d)      The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

## 5. Covenants:

(a)      The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)      Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

## 6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Sanjay Shah
Its: President
EIN# 83-3126622

BORROWER

By: _____

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford
Its: President and CEO

<u>NEGOTIABLE NOTE</u>

Loan Amount:  $115,000                                Date: September 6, 2018
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012, hereby promises to pay to the order of Dynamic W2E 12, LLC, a Tennessee Company (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $115,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of 12% (Twelve Percent) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019. At the end or before the end of the term, the Lender will be given the opportunity to convert the debt to equity into the Augusta Waste-to-Energy Project at par value.

In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER                                              BORROWER

By:                                                 By:
Dynamic W2E 12, LLC                                 Allied Energy Services, LLC

                                                    GUARANTOR

                                                    By:
                                                    C. Dean Alford

<u>NEGOTIABLE NOTE</u>

Loan Amount: $825,000          Date: December 18, 2018
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012, hereby promises to pay to the order of Dynamic W2E 12, LLC, a Tennessee Company (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $825,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of 12% (Twelve Percent) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019. At the end or before the end of the term, the Lender will be given the opportunity to convert the debt to equity into the Augusta Waste-to-Energy Project at par value.

In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER                                          BORROWER

By:                                             By:
Dynamic W2E 12, LLC                             Allied Energy Services, LLC

                                                GUARANTOR

                                                By:
                                                C. Dean Alford

## NEGOTIABLE NOTE

Loan Amount:  $450,000          Date July 6, 2018
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called
"Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012,
hereby promises to pay to the order of Dynamic W2E 12, LLC, a Tennessee Company
(hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of
$450,000 in legal tender of the United States, with interest and origination fee thereon as
hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth
above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date
hereof at the annual simple interest rate of 12% (Twelve Percent) paid quarterly.   The
principal balance owing hereunder, together with all accrued but unpaid interest thereon,
shall be due and payable in full in a single balloon payment on or before July 31, 2019.
At the end or before the end of the term, the Lender will be given the opportunity to
convert the debt to equity into the Augusta Waste-to-Energy Project at par value.

In the event that all or any part of the indebtedness evidenced hereby is collected
by or through an attorney at law, Borrower shall be entitled to recover all costs of
collection, including attorney's fees.

If Borrower fails to pay when due any amount payable hereunder, Borrower shall
be in default.  In the event of a default hereunder, at the option of the Lender, the total
unpaid balance hereof, including the entire principal amount outstanding, and all accrued
interest thereon, may be declared, and thereupon immediately shall become due and
payable.  In addition, this loan is personally guaranteed by C. Dean Alford having
address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in
the event of a default by Borrower.

Waiver of a breach of any provisions, term or condition of this Note shall not
operate or be construed as a waiver of any subsequent breach, and the acceptance of a
past due payment shall not be construed as a waiver of Lender's rights to require strict
compliance with all terms and conditions herein.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by
its duly authorized representatives, the day and year above set forth.

LENDER                                    BORROWER
By:                                       By:
    Dynamic W2E 12, LLC                       Allied Energy Services, LLC

                                          GUARANTOR
                                          By:
                                              C. Dean Alford

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $100,000                                     Date: December 18, 2018

Atlanta, Georgia

 This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Gautam Chebrolu  (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

 The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

 As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.133% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

 IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: *G. Chebrolu*

Name: Gautam Chebrolu

BORROWER

By: *C. Dean Alford*

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: *C. Dean Alford*

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $50,000                    Date: February 18, 2019

Atlanta, Georgia

THIS NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Lakshmana Kumar Krottapalli (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at an annual interest rate of Fifteen Percent (15%) on the unpaid principal balance. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 13, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or *jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors,* seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)  Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _K. Crqihman_

Name: Lakshmana Kumar Krottapalli

BORROWER

By: _C. D. Alford_

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $50,000                              Date: December 13, 2018

Chattanooga, Tennessee

 This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Lakshmana Kumar Krottapalli, an individual (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

 The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.  Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the ~~Fifty~~ Fifteen (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

 As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.067% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

*One correction only*

*K Laqshmana kumar*

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.


4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

NO Corrections

IC· Coffehman lawn

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

*No Corrections*

*1c Corythmaster learner*

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b)
three business after such communication is deposited in the mails, registered or certified, return receipt
requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized
representatives, the day and year above set forth.

HOLDER                                                  BORROWER

By: _Lakshmana Kumar_                         By: _C. Dean Alford_

Name: Lakshmana Kumar Krottapalli          Name: C. Dean Alford

                                                         Its: President and CEO

                                                         CORPORATE GUARANTOR

                                                         By: _C. Dean Alford_

                                                         Name: C. Dean Alford

                                                         Its: President and CEO

No corrections

IC. Lakshmana Kumar

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $100,000                          Date: December 13, 2018

Chattanooga, Tennessee

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and May Partners, LLC, an Alabama limited liability company (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifty (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.13% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: May Partners, LLC

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

<u>NEGOTIABLE NOTE</u>

Loan Amount:  $100,000          <u>Date March 30, 2018</u>
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga.  30012, hereby promises to pay to the order of Mehul Tejani.  (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $100,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

   The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of 20% (Twenty Percent) annualized of the investment paid monthly. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before April 1, 2019.

   In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

   If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

   Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

   IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER                                    BORROWER
By: _____              By: _____
   Mehul Tejani                             Allied Energy Services, LLC


                                         GUARANTOR
                                         By: _____
                                            C. Dean Alford

<u>NEGOTIABLE NOTE</u>

Loan Amount:  $350,000          Date April 12, 2018

Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga.  30012, hereby promises to pay to the order of Dynamic AES, LLC, a Tennessee Company (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $350,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of 18% (Eighteen Percent) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019. At the end or before the end of the term, the Lender will be given the opportunity to convert the debt to equity into the Augusta Waste-to-Energy Project at par value.

In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER:

By: _____
Dynamic AES, LLC
Its: Managing Member
Roshan Amin
Print:

BORROWER

By: _____
Allied Energy Services, LLC

GUARANTOR

By: _____
C. Dean Alford

## NEGOTIABLE NOTE

Loan Amount:  $175,000          Date June 1, 2018
Atlanta, Georgia

Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012, hereby promises to pay to the order of Dynamic AES, LLC, a Tennessee Company (hereinafter called "Lender"), or any subsequent holder hereof, the principal sum of $175,000 in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of 18% (Eighteen Percent) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019. At the end or before the end of the term, the Lender will be given the opportunity to convert the debt to equity into the Augusta Waste-to-Energy Project at par value.

In the event that all or any part of the indebtedness evidenced hereby is collected by or through an attorney at law, Borrower shall be entitled to recover all costs of collection, including attorney's fees.

If Borrower fails to pay when due any amount payable hereunder, Borrower shall be in default.  In the event of a default hereunder, at the option of the Lender, the total unpaid balance hereof, including the entire principal amount outstanding, and all accrued interest thereon, may be declared, and thereupon immediately shall become due and payable.  In addition, this loan is personally guaranteed by C. Dean Alford having address at 1555 Reagan Circle, Conyers, GA 30012 (hereinafter called "Guarantor") in the event of a default by Borrower.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Lender's rights to require strict compliance with all terms and conditions herein.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

LENDER

By: _____
    Dynamic AES, LLC

BORROWER

By _____
    Allied Energy Services, LLC

GUARANTOR

By: _____
    C. Dean Alford

# NEGOTIABLE NOTE WITH CONVERSION OPTION

**Loan Amount: $50,000**                              **Date: December 18, 2018**

**Atlanta, Georgia**

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Rajeev Chauhan (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable. This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder. For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

 IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Rajeev Chauhan

BORROWER

By _____
Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By _____
Name: C. Dean Alford

Its: President and CEO

## NEGOTIABLE NOTE WITH CONVERSION OPTION

**Loan Amount: $50,000**        **Date: December 18, 2018**

**Atlanta, Georgia**

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Rajendran Alappan (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b) Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Rajendran Alappan

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000          Date: December 18, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Ferdinand Alcalde (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b) Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Ferdinand Alcalde

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $50,000                                    Date: December 18, 2018

Atlanta, Georgia

 This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Puja Chebrolu (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY HUNDRED THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

 The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

 As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.


4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect

to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b)  three business

after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Puja Chebrolu

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount:  $100,000                            Date: February 15, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Rani Chebrolu (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Fifteen percent (15%) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 14, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a)        Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b)        There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c)      The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)      The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b)      The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c)      The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d)      The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a)      The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)      Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Rani Chebrolu

BORROWER

By: _____

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford
Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $50,000                                              Date: February 14, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Nitin r Desai and Bhavna n Desai (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Fifteen percent (15%) paid quarterly. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 14, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable. This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3. Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder. For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a) The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____ _Nedesa_ 2-14-19_
Name: Nitin r Desai

By: _Bndesai_ 2-14-19_
Name: Bhavna n Desai

BORROWER

By: _____

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By: _____

BD 9/24/2019 10:01 AM:

Nitin R Desai and Bhavna N Desai
6800 GAines Creek Rd
Columbus, GA 31904

Allied Energy Services LLC
C.Dean Alford
1506 Klondike rd Suite 105
Conyers GA 30012

Dear Mr.C.Dean Alford

This Nitin and Bhavna Desai. We gave $50,000 as loan on 2-14-19. We are not receiving any interest on this note.And we are in need of money so please mail the check as soon as possible ($50,000+15% interest$2750.00) $52750.00.

I will appreciate if you can send the money as soon as possible.

Thanks

Nitin R Desai and Bhavna N desai

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $100,000                               Date: December 18, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Sejal Patel (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.13% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

 IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Sejal Patel

BORROWER

By: _____
Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____
Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount:  $100,000                          Date: February 14, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Piyush B. Patel (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at an annual interest rate of Fifteen Percent (15%) on the unpaid principal balance. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 13, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b) Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia. The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto. Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Piyush B. Patel

BORROWER

By _____

Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount: $50,000                    Date: February 15, 2019

Atlanta, Georgia

 This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Veena Harish (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

 The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Fifteen percent (15%) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 14, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

VH

Page 1 of 3

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)  Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

JH

Page 2 of 3

6. Miscellaneous.

   Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

   Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

   This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

   All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

   IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER                                                          BORROWER

By: _____                    By _____
Name: Veena Harish
2|15|2019                                                       Name: C. Dean Alford
                                                                      Its: President and CEO
4982 WATERVIEW DRIVE
MIDLAND, GA - 31820                              CORPORATE GUARANTOR

                                                                      By _____

                                                                      Name: C. Dean Alford
                                                                      Its: President and CEO

Page 3 of 3

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount:  $50,000                                    Date: December 13, 2018

Chattanooga, Tennessee

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Venkatachalam Kannappan, an individual (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the (Fifty)(15th) day of the month after ~~FIFTEENTH~~ the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.067% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

*One Correction Only*

*KNm*

*Page 1 of 4*

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

*No Corrections*

Page 2 of 4

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

*No Corrections*

Page 3 of 4

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Venkatachalam Kannappan

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

Page 4 of 4

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000                    Date: December 13, 2018

Chattanooga, Tennessee

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Venkat Sunil Chennur, an individual (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifty (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.067% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

Page 1 of 4

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

Page 2 of 4

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Venkat Sunil Chennur

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

Page 4 ob4

# NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000            Date: December 21, 2018

Atlanta, Georgia

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Srinivasa Pathakamuri (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth. Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest. Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the Fifteenth (15th) day of the month after the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.066% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option"). The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation. The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued. The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

*Page - 1(4)*

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

Page – 2(4)

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

 Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

 Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

 This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

 All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Srinivasa Pathakamuri

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

Page - 4(4)

# NEGOTIABLE NOTE

---

Loan Amount: $50,000                              Date: February 14, 2019

Atlanta, Georgia

This NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Vraj Manoj Patel (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at an annual interest rate of Fifteen Percent (15%) on the unpaid principal balance. The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 13, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)  Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Vraj Manoj Patel

BORROWER

By: _____
Name: C. Dean Alford

Its: President and CEO

# NEGOTIABLE NOTE

Loan Amount:  $100,000                          Date: February 14, 2019

Atlanta, Georgia

THIS NEGOTIABLE NOTE (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Venkatachalam Kannappan (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of ONE HUNDRED THOUSAND DOLLARS ($100,000), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the annual simple interest rate of Fifteen percent (15%) paid quarterly.   The principal balance owing hereunder, together with all accrued but unpaid interest thereon, shall be due and payable in full in a single balloon payment on or before February 14, 2020 which shall be the maturity date of this Note.

2. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor") guarantees the full and prompt payment of principal, interest and collection costs, including attorney's fees from Borrower to Holder.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection and the Corporate Guarantor waives any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.

3.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Georgia, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

Page  1  of  3

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

4. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

5. Covenants.

(a) The Borrower covenants that, as long as the Note is outstanding, it will permit Holder to visit and inspect any of the Property of the Project.

(b)  Enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

Page 2 of 3

6. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that any dispute arising out of this Note shall be heard in the state or federal courts located in Rockdale County, Georgia.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday), otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____
Name: Venkatachalam Kannappan

*Venkatachalam Kannappan*

BORROWER

By: _____

Name: C. Dean Alford
Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford
Its: President and CEO

*Page 3 of 3*

## NEGOTIABLE NOTE WITH CONVERSION OPTION

Loan Amount: $50,000                                  Date: December 13, 2018

Chattanooga, Tennessee

This NEGOTIABLE NOTE WITH CONVERSION OPTION (the "Note") is entered into the date first written above by and between Allied Energy Services, LLC, a Georgia limited liability company (hereinafter called "Borrower"), having an address of 1506 Klondike Road, Suite 105, Conyers, Ga. 30012 and Veena Harish, an individual (hereinafter called "Holder").

1. Loan.

Borrower promises to pay to the order of Holder the principal sum of FIFTY THOUSAND DOLLARS ($50,000.00), or so much thereof as may be disbursed to, or for the benefit of the Borrower and Holder hereunder in Holder's sole and absolute discretion in legal tender of the United States, with interest and origination fee thereon as hereinafter set forth.  Principal and interest shall be payable at Holder's address set forth above, or at such address as Holder may designate.

The principal balance owing hereunder shall bear interest from and after the date hereof at the rate of TWELVE (12%) percent annual simple interest.   Interest on the unpaid balance of this Note shall accrue quarterly and shall be due and payable quarterly, no later than the ~~Fifty~~ (15th) day of the month after *FIFTEEN* ⬅ *VH* the end of each calendar quarter commencing with the quarter ending December 31, 2018.

The principal balance owing hereunder, together with all accrued but unpaid interest and origination fee thereon, shall be due and payable in full in a single balloon payment on or before July 31, 2019.

2. Conversion to Membership Units.

As consideration for the Loan, Borrower grants Holder an option to convert immediately all or any portion of the indebtedness under this Note into 0.067% of the outstanding membership interest units (the "Units") in Augusta Waste-to-Energy, LLC (the "Conversion Option").  The Borrower will authorize and reserve a sufficient number of Units so that if Holder exercises this Conversion Option such Units will be available.

The Conversion Option may be exercised by Holder within 30 days after a Commissioning of Operations (CO) has been issued. The Commissioning of Operation (CO) is when the facility is in commercial operation.  The Borrower is required to notify the Holder in writing within 5 business days of the CO being issued.  The person or entity entitled to receive the Units issuable upon a conversion of this Note shall be treated for all purposes as the record holder of such Units on the Conversion Date.

*One Correction Only.*
*VH*

*Page 1 of 4*

3. Corporate Guarantee.

In consideration for this Loan, Allied Energy Services, LLC, a Georgia limited liability company (hereinafter "Corporate Guarantor"), guarantee to Holder the full and prompt payment and performance of all obligations of Borrower to Holder hereunder, including without limitation all principal, interest and collection costs, including attorney's fees.

This guarantee is unconditional and irrevocable.  This is a guarantee of payment and not of collection. Corporate Guarantor and Personal Guarantor waive any right to require that any action be brought against the Borrower or any other person or to require that resort be had to any security.


4.  Representations and Warranties of Borrower

(a) Borrower, a duly organized limited liability company existing in good standing under the laws of the State of Tennessee, has the power to own its own property and borrow money and to carry on the business as it is now being conducted.

(b) There is no action or proceeding pending or threatened against the Borrower before any court or administrative agency, the determination of which might result in any material adverse change in the business of the Company or impair its ability to perform the obligations set forth in this Note.

(c) The Borrower is not a party to any contract or agreement or subject to any restriction which materially and adversely affects its business, property, assets, or financial condition, and neither the execution nor delivery of this Agreement, nor the confirmation of the transactions contemplated herein, nor the fulfillment of the terms hereof, nor the compliance of with the terms and provisions hereof, will conflict with or result in the breach of the terms, conditions or provisions or constitute a default, under the Articles of Organization, Operating Agreement or of any agreement to which the Borrower is now a party.

5. Events of Default

Upon an Event of Default, the entire unpaid balance of this Note then outstanding, together with accrued unpaid interest therein, if any, shall be and become immediately due and payable upon written notice from the Holder.  For purposes of this Note, an "Event of Default" shall consist of any of the following events:

(a)  The Borrower shall fail to pay any amounts which shall become due and payable to Holder under this Note, whether at the Maturity Date or at any accelerated date of maturity or at any time fixed for payment, including but not limited to quarterly interest payments.

" No Corrections"
V H

Page 2 of 4

(b) The Borrower shall commence any case, proceeding or other action under any existing future law or jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have an order for relief entered with respect to it, or seeking to adjudicate it as bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, winding-up, liquidation, dissolution or other relief with respect to its debts.

(c) The Borrower shall fail to issue the membership units issuable upon any conversion of this Note within five (5) days following the conversion date, or to perform in any material respect any of the other material covenants or agreements contained in this Note and not cure, if possible to cure, such failure within ten (10) business days after notice thereof.

(d) The Borrower shall default under any of its obligations with respect to indebtedness of the Borrower senior to the Note, and such default shall remain uncured for a period of 10 days and the Borrower shall give prompt written notice of any Event of Default to Holder.

6. Covenants.  Borrower covenants that:

(a) As long as the Note is outstanding, Borrower will permit Holder to visit and inspect any of the Property of the Project.

(b)  Borrower shall not enter into any transaction which would impair the Conversion Option under this Note, including but not limited to the issuance of membership units to third parties.

7. Miscellaneous.

Waiver of a breach of any provisions, term or condition of this Note shall not operate or be construed as a waiver of any subsequent breach, and the acceptance of a past due payment shall not be construed as a waiver of Holder's rights to require strict compliance with all terms and conditions herein.

This Note and the rights and obligations of the Holder shall be governed by the laws of the State of Georgia.  The parties agree that the exclusive venue for any litigation or other proceeding relating in any way to this Note shall be in a state or federal court located in Hamilton County, Tennessee.

Upon the occurrence of an Event of Default under this Note, the Borrower shall, upon written demand, pay to the Holder the amount of any and all reasonable costs and expenses (including reasonable attorneys' fees) that Holder may incur in connection with the enforcement and collection of this Note.

This Note shall be binding upon and inure the benefit of the successors and assigns of Borrower and Holder.

All notices, requests and other communications to any party hereunder shall be in writing and shall be given to the address first written above or to such other address as such party may hereafter specify for the purpose of by notice to the other parties hereto.  Each such notice, request or other communication shall be effective and deemed received: (a) if delivered personally, on the day of receipt by the recipient, if received prior to 5:00 p.m. on a Business Day (a day other than a Saturday, Sunday or legal holiday),

"No Corrections"
V H

Page 3 of 4

otherwise, the notice shall not to have been received until the next succeeding Business Day; or (b) three business after such communication is deposited in the mails, registered or certified, return receipt requested, with postage prepaid, addressed as aforesaid.

IN WITNESS WHEREOF, the parties have caused this Note to be executed by its duly authorized representatives, the day and year above set forth.

HOLDER

By: _____

Name: Veena Harish

BORROWER

By: _____

Name: C. Dean Alford

Its: President and CEO

CORPORATE GUARANTOR

By: _____

Name: C. Dean Alford

Its: President and CEO

" No Corrections
V H

Page 4 of 4