IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KOSHA, LLC, *et al.*,          )
                               )
     Plaintiffs,          )
                               )
vs.                            )          CASE NO. 4:19-CV-172 (CDL)
                               )
CLARENCE DEAN ALFORD, *et al.*, )
                               )
     Defendants.          )

---

ORDER AND PRELIMINARY INJUNCTION

---

Plaintiffs seek a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to freeze the assets deposited in any account held by Defendant Allied Energy Services, LLC ("Allied") with Bank of America and/or any other financial institution (ECF No. 25).[1]  For the reasons explained in the remainder of this order, Plaintiffs' motion for a preliminary injunction is granted.

---

[1] Plaintiffs also filed a motion for a writ of seizure or attachment pursuant to Federal Rule of Civil Procedure 64 and O.C.G.A. § 18-3-1, *et seq.* (ECF No. 18). Because Plaintiffs have failed to establish that either Allied is a resident of the Middle District of Georgia or the property sought to be seized/attached is present in the Middle District, the Court finds that relief under Rule 64 is not available in this Court.  *See* O.C.G.A. § 18-3-9 (requiring application for writ of seizure and/or attachment to be made before a court "in the county of the residence of the defendant, if known, and, if not known, in the county wherein the property sought to be attached is located").

BACKGROUND

Plaintiffs' fourteen count complaint includes claims for violations of federal and state securities laws, civil RICO, common law fraud and deceit, deceptive trade practices, breach of contract, unjust enrichment, money had and received, promissory estoppel, and piercing of the corporate veil.  These claims arise from Defendants' alleged maintenance of a Ponzi scheme and related conduct designed to lure Plaintiffs to invest money with Defendants and to conceal the true fraudulent nature of the scheme. Plaintiffs seek monetary damages and permanent equitable relief. Plaintiffs' equitable remedies include imposition of an equitable lien and constructive trust, restitution, and disgorgement.

In the interim, Plaintiffs seek preliminary injunctive relief to protect their ability to enforce their equitable remedies. Plaintiffs maintain that without an injunction preventing Allied from disposing of its monetary assets, no such assets will be available if permanent injunctive relief is ultimately granted in the form of an equitable lien, constructive trust, restitution, and/or disgorgement.  The Court held a hearing on Plaintiffs' motion on November 6, 2019.  Although no Defendant has yet answered the Plaintiffs' complaint, the record reveals that Defendant Allied has been served with the complaint and notice of the hearing.  Defendant Clarence Dean Alford's counsel, who has entered a special entry of appearance on behalf of Mr. Alford, participated

in the hearing, and it was confirmed at the hearing that Mr. Alford is one of the members of Allied. Therefore, the Court concludes that Allied had adequate notice such that today's order shall be considered a preliminary injunction issued pursuant to Rule 65(a) and not a temporary restraining order under Rule 65(b).

DISCUSSION

It is axiomatic that for a party to obtain preliminary injunctive relief he must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the relief is not granted; (3) that the threatened injury to plaintiff outweighs the harm the relief may cause the defendant; and (4) that the relief is not contrary to the public interest. *Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.,* 51 F.3d 982, 985 (11th Cir. 1995). Preliminarily, the Court must also assure itself that no jurisdictional impediment exists restricting its authority to grant the relief requested.

As to the Court's authority to grant the equitable relief under the circumstances presented here, the Court is guided by *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520 (11th Cir. 1994). Under the principles enunciated in *Rosen,* the district courts are not authorized to grant preliminary injunctive relief pursuant to Rule 65 in the form of an asset freeze if the purpose of the injunctive relief is solely to preserve those assets for the satisfaction of a future money damages judgment. *Id.* at 1527-30. *Rosen*, however,

3

makes clear that the court does have authority to freeze a defendant's assets if that is necessary to protect the court's future ability to provide appropriate permanent equitable relief. *Id.* Before exercising such authority, the court should assure itself that the *preliminary* injunctive relief sought is of the same kind and character as the *permanent* injunctive relief that is claimed and is necessary to protect the court's authority to grant that permanent relief should it eventually determine it is appropriate.  *Id.*

Here, Plaintiffs in their complaint seek to have the Court establish an equitable lien and constructive trust over the funds that Allied unlawfully obtained from them; they also seek a return of their investment funds through restitution and disgorgement. If Allied is not prevented from transferring these assets, it is likely that the Court will not be able to provide the meaningful permanent equitable relief that Plaintiffs would be entitled to if they ultimately prevail on their claims.  Accordingly, the Court finds that it does have the jurisdiction and authority to grant the preliminary injunctive relief Plaintiffs seek if Plaintiffs can establish the traditional elements for a preliminary injunction.

Based upon the present record, the Court finds a substantial likelihood that Plaintiffs will succeed on the merits.  Although the record is admittedly one-sided at this stage of the

4

proceedings, the Court finds it adequate to sustain this element for a preliminary injunction.  The Court further finds that if the preliminary injunctive relief is not granted, the assets needed to grant the permanent injunctive relief will likely be dissipated and unavailable to provide that relief.  Accordingly, Plaintiffs will suffer irreparable injury and that injury outweighs any harm that may be suffered by Allied in having its assets frozen, particularly given the opportunity that the Court is providing Allied to seek relief from the preliminary injunction upon the proper showing of the need to maintain its operations.  The Court further finds that the present record demonstrates that this asset freeze is not against the public interest, which interest favors the protection of the Court's ability to award necessary equitable relief to remedy violations of federal and state law as alleged in the complaint.

Because the Court has the jurisdiction and authority to issue the preliminary injunctive relief sought here pursuant to Rule 65 and because Plaintiffs have carried their burden of establishing the essential elements for a claim for preliminary injunctive relief, the Court grants Plaintiffs' motion (ECF No. 25) and issues the following Preliminary Injunction.

PRELIMINARY INJUNCTION

1. Defendant Allied is enjoined and prohibited from withdrawing, transferring, deducting or otherwise taking action to interfere with its financial accounts in a manner that would reduce the balances in those accounts.

2. Defendants may file a motion seeking a modification of this preliminary injunction based upon a showing of the necessity to make regular recurring payments to maintain the status quo of Allied's legitimate business operations. The Court will hear such motion in an expedited manner.

3. Plaintiffs shall post a bond with the Clerk of the Court in the amount of $5,000 for the duration of the injunction.

IT IS SO ORDERED, this 7th day of November, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA