IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KOSHA, LLC et. al.          {

                               {     CIVIL ACTION

   Plaintiffs,          {

   vs.                  {     FILE NO. 4:19-cv-00172-CDL

                               {

ALFORD, DEAN, et al.     {

                               {

   Defendants,        {

## DEFENDANT DAN ALFORD'S
## ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW DAN ALFORD, Defendant in the above styled civil action,

and shows this Honorable Court the following in response to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead a cause of action

against this Defendant upon which relief can be granted.

## Subject Matter Jurisdiction And Venue

1.    Defendant admits the allegations of paragraph 1 of Plaintiffs' Complaint.

2.      Defendant admits the allegations of paragraph 2 of Plaintiffs' Complaint.

## PARTIES - PLAINTIFFS

3.      Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 4 of Plaintiffs' Complaint.

5.      Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 5 of Plaintiffs' Complaint.

6.      Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 6 of Plaintiffs' Complaint.

7.      Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 7 of Plaintiffs' Complaint.

8.      Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 8 of Plaintiffs' Complaint.

9.      Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 9 of Plaintiffs' Complaint.

10.     Defendant is without facts sufficient to admit or deny the truth of the

allegations contained within paragraph 10 of Plaintiffs' Complaint.

11.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 11 of Plaintiffs' Complaint.

12.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 12 of Plaintiffs' Complaint.

13.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 13 of Plaintiffs' Complaint.

14.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 14of Plaintiffs' Complaint.

15.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 15 of Plaintiffs' Complaint.

16.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 16 of Plaintiffs' Complaint.

17.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 17 of Plaintiffs' Complaint.

18.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 18 of Plaintiffs' Complaint.

19.     Defendant is without facts sufficient to admit or deny the truth of the

allegations contained within paragraph 19 of Plaintiffs' Complaint.

20.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 20 of Plaintiffs' Complaint.

21.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 21 of Plaintiffs' Complaint.

22.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 22 of Plaintiffs' Complaint.

23.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 23 of Plaintiffs' Complaint.

24.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 24 of Plaintiffs' Complaint.

25.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 25 of Plaintiffs' Complaint.

26.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 26 of Plaintiffs' Complaint.

27.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 27 of Plaintiffs' Complaint.

28.     Defendant is without facts sufficient to admit or deny the truth of the

allegations contained within paragraph 28 of Plaintiffs' Complaint.

29.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 29 of Plaintiffs' Complaint.

30.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 30 of Plaintiffs' Complaint.

31.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 31 of Plaintiffs' Complaint.

32.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 32 of Plaintiffs' Complaint.

33.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 33 of Plaintiffs' Complaint.

34.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 34 of Plaintiffs' Complaint.

35.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 35 of Plaintiffs' Complaint.

36.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 36 of Plaintiffs' Complaint.

37.     Defendant is without facts sufficient to admit or deny the truth of the

allegations contained within paragraph 37 of Plaintiffs' Complaint.

38.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 38 of Plaintiffs' Complaint.

39.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 39 of Plaintiffs' Complaint.

40.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 40 of Plaintiffs' Complaint.

41.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 41 of Plaintiffs' Complaint.

## **PARTIES - DEFENDANTS**

42.    This Defendant admits the allegations contained within paragraph 42 of Plaintiff's Complaint, and by way of further Answer, shows this Court the following: Defendant Dean Alford was the co-founder of Allied Energy Services, LLC (Allied) along with his Defendant Dan Alford, who was his brother.  Together they both owned 50 percent of the issued and outstanding interest in Allied, which was a legitimate business to the best of this Defendant's knowledge and belief seeking to develop certain legitimate energy projects.  By way of further Answer, Defendant Dan

Alford is currently the sole remaining member of Defendant Allied upon the resignation of Defendant Dean Alford.

Furthermore, Without informing this Defendant or any other of Allied's employees known to this Defendant, Defendant Dean Alford for reasons of his own, ventured upon the course of conduct complained of by Plaintiffs.  His actions were without the knowledge or permission of this Defendant as member of Defendant Allied Energy Services, LLC, as Defendant Dean Alford hid and concealed the sale of the alleged securities and promissory notes to Plaintiffs from this Defendant and Defendant Allied. Further, Defendant Dan Alford and Defendant Allied are just presently learning of the existence of defaulted lawsuits by third parties who allegedly loaned money to Allied at Defendant Dean Alford's fraudulent solicitations, and furthermore, the alleged existence of more individuals not presently included as plaintiffs in this lawsuit to whom Defendant Dean Alford sold more securities and promissory notes without this Defendant's knowledge.   Neither this defendant nor Allied itself received any monies in their personal or business accounts as a result of Dean's fraudulent actions against the Plaintiffs while said accounts were under the control of Defendant Dan Alford.  At no time did Defendant Dan Alford ever aid or abet Defendant Dean in any of his fraudulent ventures.

43.    Defendant admits the allegations of paragraph 43 of Plaintiff's Complaint.

44.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 44 of Plaintiffs' Complaint.

45.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 45 of Plaintiffs' Complaint.

46.    Defendant admits that Allied is a Georgia limited liability company with its principal place of business in Rockdale County. Defendant is without facts sufficient to admit or deny the truth of the remaining allegations contained within paragraph 46 of Plaintiffs' Complaint.  This defendant shows that Defendant Dean Alford has resigned all his positions at Allied, including his membership in Defendant Allied Energy Services, LLC.

47.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 47 of Plaintiffs' Complaint.

48.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 48 of Plaintiffs' Complaint.

49.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 49 of Plaintiffs' Complaint.

50.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 50 of Plaintiffs' Complaint.

51.    Defendant admits that Augusta Waste-to-Energy, LLC is a Georgia limited liability company with its principal place of business in Rockdale County. Defendant is without facts sufficient to admit or deny the truth of the remaining allegations contained within paragraph 51 of Plaintiffs' Complaint.

52.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 52 of Plaintiffs' Complaint.

53.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 53 of Plaintiffs' Complaint.

54.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 54 of Plaintiffs' Complaint.

55.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 55 of Plaintiffs' Complaint.

56.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 56 of Plaintiffs' Complaint.

57.    Defendant is without facts sufficient to admit or deny the truth of the

allegations contained within paragraph 57 of Plaintiffs' Complaint.  Defendant further shows that the allegations of this paragraph require  neither an answer nor a denial.

58.     Defendant denies the allegations of paragraph 58 of Plaintiffs' Complaint.

## FACTS

59.     Defendant admits the allegations of paragraph 59 of Plaintiffs' Complaint.

60.     Defendant denies the allegations of paragraph 60 of Plaintiffs' Complaint.

61.     Defendant denies the allegations of paragraph 61 of Plaintiffs' Complaint.

62.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 62 of Plaintiffs' Complaint.

63.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 63 of Plaintiffs' Complaint.

64.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 64, and all of the subparts a-f contained therein, of Plaintiffs' Complaint which were alleged represented by Defendants Gadhi

and Lepley.

65.     There is no paragraph numbered "65" in Plaintiffs' Complaint, and so no response to this number is required.

66.     Defendant denies the allegations of paragraph 61 of Plaintiffs' Complaint that it ever sold notes or alleged securities as to itself. Defendant is without facts sufficient to admit or deny the truth of the remaining allegations contained within paragraph 66 of Plaintiffs' Complaint.

67.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 67 of Plaintiffs' Complaint.

68.     Defendant denies taking part in any scheme concocted by Defendant Dean Alford.  Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 68 of Plaintiffs' Complaint.

69.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 69 of Plaintiffs' Complaint.

70.     Defendant denies the allegations of paragraph 70 of Plaintiffs' Complaint.

71.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 71 of Plaintiffs' Complaint.

72.     Defendant denies the allegations contained within paragraph 72 of Plaintiffs' Complaint.

73.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 73 of Plaintiffs' Complaint.

74.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 74 of Plaintiffs' Complaint.

75.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 75 of Plaintiffs' Complaint.

76.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 76 of Plaintiffs' Complaint.

77.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 77 of Plaintiffs' Complaint.

78.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 78 of Plaintiffs' Complaint.

79.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 79 of Plaintiffs' Complaint.

80.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 80 of Plaintiffs' Complaint.

81.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 81 of Plaintiffs' Complaint.

82.     Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 82 of Plaintiffs' Complaint.

## CAUSES OF ACTION

## COUNT 1 – VIOLATON OF FEDERAL SECURITIES LAW AND GEORGIA  BLUE SKY LAW

83.     The allegations of paragraph 83 require neither an admission nor a denial.

84.     Defendant denies the allegations contained within paragraph 84 of Plaintiffs' Complaint.

85.     Defendant denies the allegations contained within paragraph 85 of Plaintiffs' Complaint.

86.     Defendant denies the allegations contained within paragraph 86 of Plaintiffs' Complaint.

87.     Defendant admits that Defendant Dean Alford until his resignation was a

controlling person of both Allied and Augusta Waste to Energy, LLC.   This Defendant denies that he knowingly or recklessly engaged in fraudulent conduct, etc., Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 87 of Plaintiffs' Complaint.

## COUNT II

## VIOLATIONS OF SECTIONS 11 AND 12 OF THE 1933 ACT

88.    The allegations of paragraph 88 require neither an admission nor a denial.

89.    This Defendant denies that it is an "Issuer of Notes."  And the remainder of the allegations of said paragraph require neither an admission nor a denial.

90.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 90 of Plaintiffs' Complaint.

91.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 91 of Plaintiffs' Complaint.

92.    Defendant is without facts sufficient to admit or deny the truth of the

allegations contained within paragraph 92 of Plaintiffs' Complaint.

93.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 93 of Plaintiffs' Complaint.

## COUNT III

## VIOLATIONS OF SECTIONS 5 OF THE 1933 ACT

94.    The allegations of paragraph 94 require neither an admission nor a denial.

95.    This Defendant denies the allegations of paragraph 96 as they may apply to itself.    Defendant denies the allegations contained within paragraph 95 of Plaintiffs' Complaint.

96.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 96 of Plaintiffs' Complaint.

97.    Defendant is without facts sufficient to admit or deny the truth of the allegations contained within paragraph 97 of Plaintiffs' Complaint.

98.    Defendant denies the allegations contained within paragraph 98 of Plaintiffs' Complaint.

99.    Defendant is without facts sufficient to admit or deny the truth of the

allegations contained within paragraph 98 of Plaintiffs' Complaint.

## COUNT IV

## CIVIL RICO

100.   The allegations of paragraph 94 require neither an admission nor a denial.

101.   Defendant denies the allegations contained within paragraph 101 of Plaintiffs' Complaint.

102.   Defendant denies the allegations contained within paragraph 102 of Plaintiffs' Complaint.

103.   Defendant denies the allegations contained within paragraph 103 of Plaintiffs' Complaint.

104. Defendant denies the allegations contained within paragraph 104 of Plaintiffs' Complaint.

105.   Defendant denies the allegations contained within paragraph 105 of Plaintiffs' Complaint.

106.   Defendant denies the allegations contained within paragraph 106 of Plaintiffs' Complaint.

107.   Defendant denies the allegations contained within paragraph 107 of Plaintiffs' Complaint.

## COUNT V

## CIVIL RICO

108.   The allegations of paragraph 108 require neither an admission nor a denial.

109.   Defendant denies the allegations contained within paragraph 109 of Plaintiffs' Complaint.

110.   Defendant denies the allegations contained within paragraph 110 of Plaintiffs' Complaint.

111.   Defendant denies the allegations contained within paragraph 111 of Plaintiffs' Complaint.

112.   Defendant denies the allegations contained within paragraph 112 of Plaintiffs' Complaint.

113.   Defendant denies the allegations contained within paragraph 113 of Plaintiffs' Complaint.

114.   Defendant denies the allegations contained within paragraph 114 of

Plaintiffs' Complaint.

## COUNT VI

## DECEPTIVE TRADE PRACTICES

1115. The allegations of paragraph 115 require neither an admission nor a denial.

116.   Defendant denies the allegations contained within paragraph 116 of Plaintiffs' Complaint.

117.   Defendant denies the allegations contained within paragraph 117 of Plaintiffs' Complaint.

118.   Defendant denies the allegations contained within paragraph 118 of Plaintiffs' Complaint.

119.   Defendant denies the allegations contained within paragraph 119 of Plaintiffs' Complaint.

## COUNT VII

## FRAUD/MISREPRESENTATION/FRAUDULENT

## SUPPRESSION/DECEIT

120.   The allegations of paragraph 120 require neither an admission nor a denial.

121.   Defendant denies the allegations contained within paragraph 121 of Plaintiffs' Complaint.

122.   Defendant denies the allegations contained within paragraph 122 of Plaintiffs' Complaint.

123.   Defendant denies the allegations contained within paragraph 123 of Plaintiffs' Complaint.

124.   Defendant denies the allegations contained within paragraph 124 of Plaintiffs' Complaint.

125.   Defendant denies the allegations contained within paragraph 125 of Plaintiffs' Complaint.

126.   Defendant denies the allegations contained within paragraph 126 of Plaintiffs' Complaint.

## COUNT VIII

## BREACH OF CONTRACT

127.   The allegations of paragraph 127 require neither an admission nor a

denial.

128.   Defendant denies the allegations contained within paragraph 128 of Plaintiffs' Complaint.

129.   Defendant denies the allegations contained within paragraph 129 of Plaintiffs' Complaint.

130.   Defendant denies the allegations contained within paragraph 130 of Plaintiffs' Complaint.

131.   Defendant denies the allegations contained within paragraph 131 of Plaintiffs' Complaint.

## COUNT IX

## CONVERSION

132.   The allegations of paragraph 132 require neither an admission nor a denial.

133.   Defendant denies the allegations contained within paragraph 133 of Plaintiffs' Complaint.

134.   Defendant denies the allegations contained within paragraph 134 of Plaintiffs' Complaint.

135.   Defendant denies the allegations contained within paragraph 135 of

Plaintiffs' Complaint.

136.   Defendant denies the allegations contained within paragraph 136 of Plaintiffs' Complaint.

## COUNT X

## CIVIL CONSPIRACY

137.   The allegations of paragraph 137 require neither an admission nor a denial.

138.   Defendant denies the allegations contained within paragraph 138 of Plaintiffs' Complaint.

139.   Defendant denies the allegations contained within paragraph 139 of Plaintiffs' Complaint.

140.   Defendant denies the allegations contained within paragraph 140 of Plaintiffs' Complaint.

## COUNT XI

## PROMISSORY ESTOPPEL

141.   The allegations of paragraph 141 require neither an admission nor a

denial.

142.   Defendant denies the allegations contained within paragraph 142 of Plaintiffs' Complaint.

143.   Defendant denies the allegations contained within paragraph 143 of Plaintiffs' Complaint.

144.   Defendant denies the allegations contained within paragraph 144 of Plaintiffs' Complaint.

145.   Defendant denies the allegations contained within paragraph 145 of Plaintiffs' Complaint.

146   Defendant denies the allegations contained within paragraph 146 of Plaintiffs' Complaint.

## COUNT XII

## UNJUST ENRICHMENT

147.   The allegations of paragraph 147 require neither an admission nor a denial.

148.   Defendant denies the allegations contained within paragraph 148 of

Plaintiffs' Complaint.

149.   Defendant denies the allegations contained within paragraph 149 of Plaintiffs' Complaint.

150.   Defendant denies the allegations contained within paragraph 150 of Plaintiffs' Complaint.

## COUNT XIII

## MONEY HAD AND RECEIVED

151.   The allegations of paragraph 151require neither an admission nor a denial.

152.   Defendant denies the allegations contained within paragraph 152 of Plaintiffs' Complaint.

153.   Defendant denies the allegations contained within paragraph 153 of Plaintiffs' Complaint.

154.   Defendant denies the allegations contained within paragraph 154 of Plaintiffs' Complaint.

## COUNT XIV

## PIERCING THE CORPORATE VEIL

155.  The allegations of paragraph 155 require neither an admission nor a denial.

156.  Defendant denies the allegations contained within paragraph 156, and its bulleted subparts, of Plaintiffs' Complaint.

157.  Defendant denies the allegations contained within paragraph 157 of Plaintiffs' Complaint.

158.  Defendant denies the allegations contained within paragraph 158 of Plaintiffs' Complaint.

159.  **Defendant denies each and every allegation of Plaintiffs' Complaint not specifically admitted herein.**

WHEREFORE, Defendant prays that Plaintiffs' Complaint be dismissed with all costs thereof charged against Plaintiffs.

Respectfully Submitted,

/s/ Brant Jackson

 
                                                Brant Jackson
                                                Ga. Bar No. 386075
                                                Attorney for Dan Alford

Brant A. Jackson, Attorney at Law, LLC
10 Glenlake Parkway, NE
South Tower, Suite 130
Sandy Springs, GA  30328-3495
678-222-3499 (O)
678-829-1492  (F)
brant@bjacksonlawgroup.com

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 26 day of October, 2019, electronically filed the foregoing Answer of Dan Alford with the Clerk of the Court using the CM/ECF system which will send notifications to all other parties.


*(S)__Brant Jackson_____*
Brant Jackson