## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

KOSHA, LLC, et al.,

     Plaintiffs,

v.

CLARENCE DEAN ALFORD, et al.,

     Defendants.

_____/

Case No.: 4:19-cv-00172-CDL

### CLARENCE DEAN ALFORD'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, CLARENCE DEAN ALFORD ("*Mr. Alford*"), who, by and through his undersigned counsel, files this Answer and Affirmative Defenses ("*Answer*") and states as follows:

### JURISDICTION AND VENUE

1.     Mr. Alford admits Paragraph 1 of the Complaint purports to be an action that implicates federal securities laws.   Mr. Alford denies that he engaged in any wrongful conduct, that he violated any laws, or that he is liable for the claims asserted by plaintiffs.

2.     Mr. Alford admits Paragraph 2 of the Complaint for jurisdictional purposes only. Mr. Alford denies that he engaged in any wrongful conduct, that he violated any laws, or that he is liable for the claims asserted by plaintiffs.

### PARTIES

3.     As to Paragraph 3, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

4.      As to Paragraph 4, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of incorporation.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

5.      As to Paragraph 5, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

6.      As to Paragraph 6, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

7.      As to Paragraph 7, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of incorporation.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

8.      As to Paragraph 8, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

9.      As to Paragraph 9, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining

assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

10.      As to Paragraph 10, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

11.      As to Paragraph 11, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

12.      As to Paragraph 12, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of incorporation.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

13.      As to Paragraph 13, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

14.      As to Paragraph 14, Mr. Alford admits that plaintiff's promissory notes speak for themselves.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

15.     As to Paragraph 15, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of incorporation.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

16.     As to Paragraph 16, Mr. Alford admits that plaintiff's promissory notes speak for themselves.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

17.     As to Paragraph 17, Mr. Alford admits that plaintiff's promissory notes speak for themselves.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

18.     As to Paragraph 18, Mr. Alford admits that plaintiff's promissory notes speak for themselves.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

19.     As to Paragraph 19, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

20.     As to Paragraph 20, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining

assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

21.     As to Paragraph 21, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

22.     As to Paragraph 22, Mr. Alford admits that plaintiff's promissory notes speaks for themselves.   Mr. Alford is without knowledge of plaintiff's state of incorporation.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

23.     As to Paragraph 23, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

24.     As to Paragraph 24, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of incorporation.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

25.     As to Paragraph 25, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

26.     As to Paragraph 26, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

27.     As to Paragraph 27, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

28.     As to Paragraph 28, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

29.     As to Paragraph 29, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

30.     As to Paragraph 30, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of incorporation.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

31.     As to Paragraph 31, Mr. Alford admits that plaintiff's promissory notes speaks for themselves.   Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining

assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

32.     As to Paragraph 32, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of incorporation.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

33.     As to Paragraph 33, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

34.     As to Paragraph 34, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

35.     As to Paragraph 35, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

36.     As to Paragraph 36, Mr. Alford admits that plaintiff's promissory note speaks for itself.  Mr. Alford is without knowledge of plaintiff's state of residency.  The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

37.     As to Paragraph 37, Mr. Alford admits that plaintiff's promissory notes speaks for themselves.   Mr. Alford is without knowledge of plaintiff's state of incorporation.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

38.     As to Paragraph 38, Mr. Alford admits that plaintiff's promissory note speaks for itself.   Mr. Alford is without knowledge of plaintiff's state of incorporation.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

39.     As to Paragraph 39, Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

40.     As to Paragraph 40, Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

41.     As to Paragraph 41, Mr. Alford is without knowledge of plaintiff's state of residency.   The remaining assertions are either legal conclusions to which no response is required or are denied by Mr. Alford.

42.     Mr. Alford admits that he resides in Georgia and that he has held may leadership positions throughout the State.   Mr. Alford further admits that he formed Allied Energy Services, LLC ("*Allied*"), for the purpose of developing energy projects.   Other portions of Paragraph 42 either state legal conclusions or are statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either

untrue, are otherwise objectionable, or are inaccurate.

43.     Paragraph 43 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

44.     Paragraph 44 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.   Mr. Alford denies that either he or his wife, Debbie Dlugolenski Alford, engaged in any wrongful conduct, violated any laws, or are liable for the claims asserted by plaintiffs.

45.     Paragraph 45 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.   Mr. Alford denies that either he or David Dlugolenski engaged in any wrongful conduct, violated any laws, or are liable for the claims asserted by plaintiffs.

46.     Mr. Alford admits that Allied is a Georgia limited liability company with its principal place of business in Rockdale County.   Other portions of Paragraph 46 either state legal conclusions or are statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

47.     Paragraph 47 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.   Mr. Alford denies

9

that either he or Michael L. Horne engaged in any wrongful conduct, violated any laws, or are liable for the claims asserted by plaintiffs.

48.     Paragraph 48 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.   Mr. Alford denies that either he or R. Warren Oldham engaged in any wrongful conduct, violated any laws, or are liable for the claims asserted by plaintiffs.

49.     Paragraph 49 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.   Mr. Alford denies that either he or Robert M. Vickery engaged in any wrongful conduct, violated any laws, or are liable for the claims asserted by plaintiffs.

50.     Paragraph 50 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

51.     Mr. Alford admits that Augusta Waste-to-Energy, LLC ("*Waste-to-Energy*") is a Georgia limited liability company with its principal place of business in Rockdale County.   Other portions of Paragraph 51 either state legal conclusions or are statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny. The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

52.     Paragraph 52 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied

10

because they are either untrue, are otherwise objectionable, or are inaccurate.

53.     Paragraph 53 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

54.     Paragraph 54 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

55.     Paragraph 55 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

56.     Paragraph 56 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

57.     Paragraph 57 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

58.     Paragraph 58 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.   Mr. Alford denies that either he or any of the other defendants engaged in any wrongful conduct, violated any laws, or are liable for the claims asserted by plaintiffs.

## **FACTS**

59.     Mr. Alford admits the allegations of Paragraph 59.

60.     Mr. Alford is without knowledge and therefore denies the allegations of Paragraph 60.

61.     Mr. Alford denies the allegations of Paragraph 61.

62.     Mr. Alford denies the allegations of Paragraph 62.

63.     Mr. Alford denies the allegations of Paragraph 63.

64.     Paragraph 64 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

65.     There is no Paragraph 65 contained in the Complaint; thus, no response is required.

66.     Paragraph 66 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

67.     Paragraph 67 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

68.     Mr. Alford denies the allegations of Paragraph 68.

69.     Paragraph 69 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

70.     Paragraph 70 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

71.     Paragraph 71 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

72.     Mr. Alford denies the allegations of Paragraph 72.

73.     Paragraph 73 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

74.      Mr. Alford denies the allegations of Paragraph 74.

75.     Paragraph 75 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

76.     Paragraph 76 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

77.     Paragraph 77 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

78.     Paragraph 78 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied

because they are either untrue, are otherwise objectionable, or are inaccurate.

79.     Paragraph 79 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

80.     Paragraph 80 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

81.     Paragraph 81 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

82.     Paragraph 82 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## CAUSES OF ACTION

## COUNT I – VIOLATIONS OF FEDERAL SECURITIES LAW AND GEORGIA BLUE SKY LAW

83.     Paragraph 83 requires neither an admission nor a denial.

84.     Mr. Alford denies the allegations of Paragraph 84.

85.     Mr. Alford denies the allegations of Paragraph 85.

86.     Paragraph 86 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

87.     Mr. Alford denies the allegations of Paragraph 87.

## COUNT II - VIOLATIONS OF SECTIONS 11 AND 12 OF THE 1933 ACT

88.     Paragraph 88 neither requires an admission nor a denial.

89.     Paragraph 89 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

90.     Paragraph 90 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

91.     Paragraph 91 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

92.     Paragraph 92 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

93.     Paragraph 93 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.

## COUNT III - VIOLATION OF SECTION 5 OF THE 1933 ACT

94.     Paragraph 94 neither requires an admission nor a denial.

95.     Paragraph 95 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

96.     Paragraph 96 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.

97.     Paragraph 97 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.

98.     Paragraph 98 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.

99.     Paragraph 99 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.

### COUNT IV – CIVIL RICO

100.     Paragraph 100 neither requires an admission nor a denial.

101.     Mr. Alford denies the allegations of Paragraph 101.

102.     Mr. Alford denies the allegations of Paragraph 102.

103.     Mr. Alford denies the allegations of Paragraph 103.

104.     Mr. Alford denies the allegations of Paragraph 104.

105.     Mr. Alford denies the allegations of Paragraph 105.

106.     Mr. Alford denies the allegations of Paragraph 106.

107.     Mr. Alford denies the allegations of Paragraph 107.

### COUNT V – NEGLIGENCE AND/OR WANTONNESS

108.     Paragraph 108 neither requires an admission nor a denial.

109.     Paragraph 109 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.

110.     Paragraph 110 states a legal conclusion to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

111.     Paragraph 111 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

112.     Paragraph 112 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

113.     Paragraph 113 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

114.     Paragraph 114 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

## COUNT VI – DECEPTIVE TRADE PRACTICES ACT

115.     Paragraph 115 neither requires an admission nor a denial.

116.     Paragraph 116 either states legal conclusions or statements to which Mr. Alford Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

117.     Paragraph 117 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

118.     Paragraph 118 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

119.     Paragraph 119 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

## COUNT VII – FRAUD/MISREPRESENTATION/FRAUDULENT SUPPRESSION/DECEIT

120.     Paragraph 120 neither requires an admission nor a denial.

121.     Paragraph 121 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

122.     Paragraph 122 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

123.     Paragraph 123 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied.

124.     Mr. Alford denies the allegations of Paragraph 124.

125.     Mr. Alford denies the allegations of Paragraph 125.

126.     Mr. Alford denies the allegations of Paragraph 126.

## COUNT VIII – BREACH OF CONTRACT

127.     Paragraph 127 neither requires an admission nor a denial.

128.     Paragraph 128 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

129.     Paragraph 129 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

130.     Paragraph 130 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

131.     Paragraph 131 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## COUNT IX - CONVERSION

132.     Paragraph 132 neither requires an admission nor a denial.

133.     Mr. Alford denies the allegations of Paragraph 133.

134.     Paragraph 134 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

135.     Paragraph 135 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

136.     Paragraph 136 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## COUNT X – CIVIL CONSPIRACY

137.     Paragraph 137 neither requires an admission nor a denial.

138.     Mr. Alford denies the allegations of Paragraph 138.

139.     Mr. Alford denies the allegations of Paragraph 139.

140.     Paragraph 140 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## COUNT XI – PROMISSORY ESTOPPEL

141.     Paragraph 141 neither requires an admission nor a denial.

142.     Paragraph 142 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

143.     Paragraph 143 either states legal conclusions or statements to which Mr. Alford has

no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

144.     Paragraph 144 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

145.     Paragraph 145 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

146.     Paragraph 146 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## COUNT XII – UNJUST ENRICHMENT

147.     Paragraph 147 neither requires an admission nor a denial.

148.     Paragraph 148 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

149.     Paragraph 149 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

150.     Paragraph 150 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## COUNT XIII – MONEY HAD AND RECEIVED

151.     Paragraph 151 neither requires an admission nor a denial.

152.     Paragraph 152 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

153.     Paragraph 153 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

154.     Paragraph 154 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## COUNT XIV – PIERCING THE CORPORATE VEIL

155.     Paragraph 155 neither requires an admission nor a denial.

156.     Paragraph 156 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

157.     Paragraph 157 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

158.     Paragraph 158 either states legal conclusions or statements to which Mr. Alford has no knowledge and is therefore unable to admit or deny.   The remaining allegations are denied because they are either untrue, are otherwise objectionable, or are inaccurate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.       Failure to State a Claim.   Plaintiffs' Complaint fails to plead a cause of action upon which relief can be granted.

### Second Affirmative Defense

2.       Lack of Conditions Precedent to Liability.   Mr. Alford demands strict proof that plaintiffs have complied with all conditions precedent to filing suit.

### Third Affirmative Defense

3.       Setoff.   Mr. Alford asserts that any damages sustained by plaintiffs must be set off, reduced, or apportioned to the extent plaintiffs have received payment or other consideration as payment.

### Fourth Affirmative Defense

4.       Lack of Acceleration.   Upon information and belief, plaintiffs failed to allege acceleration as provided by the underlying promissory notes.   The loan documents at issue require written notice prior to acceleration.   Mr. Alford demands strict proof that plaintiffs have accelerated the notes in accordance with the requirements of the loan documents.

### Fifth Affirmative Defense

5.       Statute of Limitations.   Mr. Alford demands strict proof that the statute of limitations regarding the claims asserted in this action have not expired.

### Sixth Affirmative Defense

6.       Account's Accuracy and Correctness.   Mr. Alford demands strict proof of plaintiffs' accounts' accuracy and correctness.

**Seventh Affirmative Defense**

7. <u>Failure to Join Indispensable Parties</u>.   Plaintiffs' claims are barred, in whole or in part, for failure to join one or more necessary parties to this litigation.

**Eighth Affirmative Defense**

8. <u>Lack of Subject Matter Jurisdiction</u>.   This Court lacks subject matter jurisdiction over some of the claims to this action.   At this early stage of the proceedings, Mr. Alford contends that this Court lacks subject matter jurisdiction over Counts V, VII, VIII, IX, X, XI, XII, XIII, and XIV.

**Ninth Affirmative Defense**

9. <u>Impermissible Shotgun Pleading</u>.   Plaintiffs' Complaint is an impermissible shotgun pleading because each count contained in the Complaint incorporates each of the preceding paragraphs of the Complaint; thus, making it impossible for the Court (or the defendants) to know precisely what is being alleged against each of the respective defendants. The Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective.  *B.L.E. ex rel. Jefferson v. Georgia*, 335 Fed. App'x 962, 963 (11th Cir. 2009). To allow such a pleading would place an unjustifiable burden on the Court to take on the virtually impossible task of ascertaining what factual allegations correspond with each claim and which claim is directed at which defendant.  *Id*.; *see also Wagner v. First Horizon Pharmaceutical,* 464 F.3d 1273, 1279 (11th Cir. 2006); *Clark v. Pinnacle Credit Servs.*, Case No.: 5:16-cv-221 (M.D. Ga., March 3, 2017).

## RESERVATION OF RIGHT TO SUPPLEMENT AFFIRMATIVE DEFENSES

The facts having not been fully developed at this stage of the proceedings, Mr. Alford affirmatively pleads any of the following defenses that may become applicable to this action: accord and satisfaction; election of remedies; estoppel; laches; lack of standing; failure of consideration; payment release; illegality; *res judicata*; statute of frauds; waiver; failure of plaintiffs to mitigate their damages or take reasonable steps to avoid damages; and any other matter constituting an avoidance or affirmative defense.   Mr. Alford further reserves the right to amend, correct, or supplement these affirmative defenses, and assert additional affirmative defenses as may be appropriate under the facts and law of the case.

## DEMAND FOR TRIAL BY JURY

Mr. Alford demands a trial by jury on all issues so triable.

Respectfully submitted this 20th day of January, 2020.

THE EIDSON LAW FIRM, P.A.

By: */s/ James C. Eidson*
JAMES C. EIDSON, Esq.
Georgia Bar No.: 283652
401 Rusmor Street
Orange Park, FL 32073
Telephone: (904) 990-8080
Facsimile: (904) 990-1768
james@eidsonlawfirm.com

*Counsel for Defendant Clarence Dean Alford*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 20th day of January, 2020, a true and correct copy of the foregoing document was furnished electronically to all interested parties through the Court's CM/ECF system.

*/s/ James C. Eidson*
James C. Eidson, Esq.
Attorney

24