# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| KOSHA, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:19-cv-00172-CDL |
| ) | |
| v. ) | |
| ) | |
| CLARENCE DEAN ALFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT DEBBIE DLUGOLENSKI ALFORD'S[1]
## MOTION TO DISMISS BY SPECIAL APPEARANCE

COMES NOW, Debra Dlugolenski ("Debbie"), by and through her undersigned counsel, by special appearance, pursuant Fed. R. Civ. P. 4(m) and 12(b)(6), and hereby moves to dismiss the Complaint filed in this matter, respectfully showing this Honorable Court the following:

## Introduction

On October 18, 2019, forty (40) plaintiffs ("collectively, "Plaintiffs") initiated this lawsuit against fourteen (14) defendants, including Debbie, plus 98 "fictitious part[ies]" in what is the epitome of a shotgun pleading. The claims against Debbie fall far short of the pleading standards required in this Court, and it is nearly impossible to determine what allegations are even being made against Debbie. As shown herein, Plaintiffs have not pleaded (and cannot plead) any plausible claims against Debbie such that she should be dismissed from this lawsuit. Debbie's dismissal is further warranted by Plaintiffs' failure to timely serve her.

---

[1] Her legal name is Debra Dlugolenski. Although she is presently married to Defendant Clarence Dean Alford ("Dean"), Debra did not take his last name. Additionally, as set forth more fully herein, Dlugolenski has not been properly served to-date. As such, she brings this Motion by special appearance, without waiving service, service of process, or any other defenses.

## Summary of Allegations in The Complaint

### *The Allegations About Debbie*

Debbie is described in the Complaint as "the wife of Dean Alford," the first-named defendant. Debbie filed for divorce from Dean on October 3, 2019 in the Superior Court of Putnam County, Georgia (Civil Action File No. SUCV2019000231) (the "Divorce Action") prior to this action being initiated.

The Complaint alleges that "[u]pon information and belief, at all times relevant to this action, [Debbie] had knowledge of and assisted Dean Alford in the perpetration of the scheme to defraud Plaintiffs," and that she "knew or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct, including, without limitation, numerous extravagant domestic and international trips, the use and benefit of real property, and the payment of personal expenses." Comp., ¶ 44. **Remarkably, there is not a single paragraph in the "Facts" section of the Complaint or in any of the Counts of the Complaint that reference Debbie.** In Paragraph 61 of the Complaint, Plaintiffs define the term "Defendants" as including Dean Alford, Dan Alford, David Dlugolenski,[2] Michael L. Horne, R. Warren Oldham, Robert M. Vickery, Stephen Lepley, The Lepley Group aka Profit Advisors, LLC, Allied Energy Services, LLC ("Allied"), Versant Funding, LLC[3], Jamie Wilson, K-12 Capital Advisors, LLC, Augusta Waste-to-Energy, LLC, and all of the fictitious defendants. Comp., ¶ 61. In other words, the term "Defendants" as used in the Complaint includes all of the

---

[2] David Dlugolenski is Debbie's son and Dean Alford's step son; he was voluntarily dismissed by Plaintiffs on November 15, 2019 [Doc. 32].

[3] Versant Funding, LLC was voluntarily dismissed by Plaintiffs on October 21, 2019. [Doc. 11].

named defendants *except for* Debbie and Jitendra Gandhi. Yet, in the Prayer for Relief, without any factual allegations against Debbie, Plaintiffs ask the Court for a judgment that "the Defendants and Debbie Dlugolenski Alford are the alter ego of Allied and/or otherwise piercing the corporate veil of Allied." Comp., p. 43 (WHEREFORE provision, Section G). The piercing the corporate veil claim against Debbie readily fails as a matter of law, as further addressed below.

### *The Remaining Allegations In The Complaint*

The Complaint is 46 pages and 158 paragraphs long. In it, Plaintiffs allege claims for (1) Count I - violations of federal securities law and Georgia Blue Sky law, (2) Count II - violations of Sections 11 and 12 of the 1933 Act, (3) Count III – violation of Section 5 of the 1933 Act, (4) Count IV – civil RICO, (5) Count V – negligence and/or wantonness, (6) Count VI – deceptive trade practice act, (7) Count VII – fraud, misrepresentation, fraudulent suppression, deceit, (8) Count VIII – breach of contract, (9) Count IX – conversion, (10) Count X – civil conspiracy, (11) Count XI – promissory estoppel, (12) Count XII – unjust enrichment, (13) Count XIII – money had and received, and (14) Count XIV – piercing the corporate veil. At the beginning of each count is the language that "Plaintiffs incorporate by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set out herein." Comp. ¶¶ 83, 88, 94, 100, 108, 115, 120, 127, 132, 137, 141, 147, 151, 155.

As best as Debbie can tell, the only substantive allegations of the Complaint appear to be that "Defendants Dean Alford, Jitendra Gandhi, and Stephen Lepley lured approximately 436 individual investors into their Ponzi scheme" and that Plaintiffs, therefore, purchased notes from "Defendants Dean Alford, Allied Energy Services, LLC, Augusta Waste-to-Energy, LLC." Comp., ¶¶ 62 and 66. Plaintiffs further contend that they requested interest payments but

Defendant Dean Alford told them he did not have addresses, emailed them that checks had been sent or he had staffing issues, and then ignored them. Comp., ¶ 81. "In more recent days, Dean has continually represented to Plaintiffs that repayment of their money was imminent—however, to date, although demand of their return has been made, Defendants have yet to pay them." Comp., ¶ 82. None of these allegations concern Debbie at all.

Instead, Plaintiffs refer to "Defendants" in most of their allegations without any attempt at describing which of the fourteen (14) named defendants or 98 additional fictitious defendants engaged in the acts or omissions described. As a result, Plaintiffs allege that all of the Defendants were the agents, servants, employees, partners, or co-venturers of each other and are liable under agency and respondeat superior theories. Id. at ¶ 58. But, again, none of those allegations concern Debbie.

## **ARGUMENTS AND CITATION TO AUTHORITY**

### **I. MOTION TO DISMISS STANDARD.**

This Court should dismiss the claims against Debbie for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." That requirement is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). "In pleading, as in many aspects of life, quality matters more than quantity." Lawrie v. Ginn Dev. Co., LLC, 656 F. App'x 464 (11th Cir. 2016).

With the pronouncement of the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the "'no set of facts'" pleading standard was finally "'retired.'" See Am.

Dental, 605 F.3d at 1288. The Twombly court observed that Fed. R. Civ. P. 8(a)(2) had been read in such a way that conclusory claims were sufficient so long as there was a chance that the plaintiff could introduce facts to support the claims. Id. at 1289. As a result, "a plaintiff with a largely groundless claim [could] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." Twombly, 550 U.S. at 557 (internal quotations omitted).

The standard is now one of plausibility. A complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Am. Dental, 605 F.3d at 1289. A court need not accept all allegations as true if they are merely legal conclusions. Id. Importantly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not [shown]—that the pleader is entitled to relief." Id. (internal quotations omitted). Consequently, the court should, first, eliminate mere legal conclusions from the complaint and, second, determine if the well-pleaded facts "plausibly give rise to an entitlement to relief." Id. (internal quotations omitted). The court "may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id.

## II. THE COMPLAINT STANDS TO BE DISMISSED IN ITS ENTIRETY AS IT IS AN IMPERMISSIBLE SHOTGUN PLEADING.

The Complaint falls far short of the pleading standards set forth in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 9(b); Twombly, 550 U.S. at 555-56 (The factual allegations "must be enough to raise a right to relief above the speculative level . . . The pleading must contain something more than a statement of facts that merely creates a

suspicion of a legally cognizable right of action. . . ."); Ashcroft v. Iqbal, 556 U.S. 662 (2009). The United States Supreme Court has explained that a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 668. Further, to survive dismissal, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." Id. Fed. R. Civ. P. 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79. Legal conclusions set forth in a complaint are disregarded. Id. at 679-683.

A shotgun pleading, such as the Complaint here, should be dismissed. See, e.g., Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 and n. 8 (11th Cir. 2018) (enumerating Eleventh Circuit case law "condemning shotgun pleadings and explaining their vices"). In Jackson, the amended complaint, which, similar to the Complaint, contained 28 pages, 123 paragraphs, and 16 counts, was "an incomprehensible shotgun pleading," because the factual allegations were incorporated into each claim by reference, "making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." Id. at 1356. Moreover, like the Complaint, "[t]he causes of action were not defendant-specific." Id. at 1352. Also, like the Complaint, the complaint in Jackson failed to include "'key facts such as relevant dates and the particular nature of the violations that [Defendants allegedly committed.'" Id. at 1354. A magistrate judge had reviewed all of the counts and found that

dismissal was appropriate. Id. The Eleventh Circuit affirmed but did not review all of the counts, instead, holding that the amended complaint should be dismissed as a shotgun pleading for "patently violat[ing] Federal Rule of Civil Procedure 8." Id. at 1356; see also Gray v. Georgia, No. 5:18-CV-00410-TES, 2019 WL 861407, at *3 (M.D. Ga. Feb. 22, 2019).

Just a few months ago, the Eleventh Circuit again addressed shotgun pleadings in Toth v. Antonacci, 2019 WL 4926961, *1 (11th Cir. Oct. 7, 2019), explaining that:

> A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both. . . . [W]e have recently set forth some guardrails that cabin our ability to dismiss complaints on these grounds. Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by failing 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.' . . . . In addition, they typically run afoul of Rule 10(b)'s requirement that allegations should be set forth in numbered paragraphs and discrete claims should be separated by count. . . .

Id. at *2 (internal citations omitted). The Eleventh Circuit affirmed the dismissal of an amended complaint that "combines two of our categories of shotgun pleadings: it is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; and it does not separate 'each cause of action or claim for relief' into a different count." Id.

A defendant cannot be required to "'frame a responsive pleading'" to a shotgun pleading. Id.; see also Jackson, 898 F.3d at 1357 ("Absent the dismissal of the amended complaint, the Defendants, in framing their answer, would likely have responded in kind, with a multitude of affirmative defenses bunched together applying to each of the amended complaint's counts. Put colloquially: garbage in, garbage out."). To allow a shotgun pleading is a waste of judicial resources and an unfair burden on the responding party. Jackson, 898 F.3d at 1357. "Tolerating such behavior constitutes toleration of obstruction of justice." Id. In Jackson, the Eleventh Circuit observed that: "This is why we have condemned shotgun pleadings time and again, and this is why

we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." Id. The District Courts are not required to engage in "[p]iecemeal adjudication" by reviewing each claim (or even the decipherable claims) of a shotgun pleading. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). That "does not promote judicial efficiency. And the toleration of complaints such as this one 'does great disservice to the administration of civil justice.'" Id.

In 2015, the Eleventh Circuit reviewed "more than sixty published decisions" regarding shotgun pleadings to identify four (4) broad categories of shotgun pleadings: (1) a complaint in which the counts incorporate all previous counts; (2) "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate the causes of action, and (4) "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015). As set forth herein, the Complaint falls into the first, second, and fourth categories and stands to be dismissed, certainly, at least, with respect to the vague and conclusory allegations and claims against Debbie.

**III.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR RELIEF AGAINST DEBBIE.**

In addition, as set forth above, the only allegations against Debbie are contained in the paragraphs summarizing the parties. Comp., ¶ 44. Therein, Plaintiffs make two related allegations—first, that "[u]pon information and belief, at all times relevant to this action, [Debbie]

- 8 -

had knowledge of and assisted Dean Alford in the perpetration of the scheme to defraud Plaintiffs," and second, that she "knew or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct, including, without limitation, numerous extravagant domestic and international trips, the use and benefit of real property, and the payment of personal expenses." Id.

With respect to the first allegation, "information and belief" is a grossly insufficient basis on which to allege knowledge of and assistance in the "perpetration" of a fraud scheme. See, e.g., FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296-1304 (11th Cir. 2011). Indeed, "'[o]missions and ambiguities count against inferring scienter.'" Id. at 1304. The failure to plead fraud claims with specificity is grounds for dismissal. Id. at 1296.

Likewise, the allegation that Debbie "knew or should have known of the fraudulent, tortious, and/or other wrongful conduct of Dean Alford and derived numerous and various financial benefits and financial gain (directly or indirectly) as a result of Dean Alford's wrongful and unlawful conduct..." is nothing more than a bare legal conclusion in violation of the *Iqbal/Twombly* plausibility pleading doctrine and in violation of Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 9(b).

The final count of the Complaint is for piercing the corporate veil. Plaintiffs include a paltry four (4) paragraphs (one of which simply incorporates all prior paragraphs) in this Count, all of which are, like the rest of the Complaint, vague recitations against "Defendants." Comp., ¶¶ 155-158. Plaintiffs allege that Defendants "dominate and control" Allied and Augusta Waste-to-Energy by a recitation of the elements of alter ego theories with no specificity whatsoever, *to*

*wit*, "inducing Plaintiffs to invest . . . and then using that money for themselves and/or for other enterprises"; using the entities to "shield against personal liability"; "[d]iverting assets from entity to entity to the detriment of creditors, investors and/or customers"; "[u]sing" the entities "to procure capital, labor, services and/or merchandise for himself [it is unclear who this refers to, although, presumably, it means Dean Alford] and/or other enterprises owned or controlled, directly or indirectly, by Defendants"; not "adequately capitaliz[ing]" the entities and projects; and, generically, "[c]omingling assets." Comp., ¶ 156.

These allegations are generic, at very best, and, as stated above, on their face, have nothing to do with Debbie, who is not even included in the defined term "Defendants" in the Complaint. Yet, in the Prayer for Relief, Plaintiffs ask the Court for a judgment that "the Defendants and Debbie Dlugolenski Alford are the alter ego of Allied and/or otherwise piercing the corporate veil of Allied." Comp., p. 43 (WHEREFORE provision, Section G). That prayer for relief readily stands to be dismissed as to Debbie.

Moreover, alter ego and piercing the corporate veil are not causes of action in this Court. See, e.g., McLendon v. Agro Distribution, LLC, No. 1:12-CV-107 (WLS), 2012 WL 13070224, at *5 (M.D. Ga. Oct. 24, 2012) ("As observed by the court in Sheppard v. Jodice, No. 1:06-cv-2823, 2007 WL 2225804, at *1 (N.D. Ga. July 30, 2007), "[t]he alter ego doctrine, like respondeat superior or agency, is a means by which a person may be held liable for the actions of another. It does not, however, provide a cause of action in and of itself for the award of damages." See also Adams v. Unum Life Ins. Co., 508 F. Supp. 2d 1302, 1314 (N.D. Ga. 2007) (noting that there is no independent cause of action in Georgia for acting as an "alter ego")).

**IV.     PLAINTIFFS HAVE FAILED TO TIMELY SERVE DEBBIE.**

In addition to the substantive deficiencies of Plaintiffs' claims against Debbie, the Complaint further stands to be dismissed as to her due to Plaintiffs' failure to timely serve Debbie. A plaintiff is responsible for using reasonable diligence to serve the defendant with both the summons and complaint within 90 days. Anderson v. Osh Kosh B'Gosh, 255 F. App'x. 345, 347 (11th Cir. 2006); D&M Carriers LLC v. M/V Thor Spirit, 586 Fed. App'x 564, 572 (11th Cir. 2014). "Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." Abele v. City of Brooksville, Fla., 273 F. App'x. 809, 811 (11th Cir. 2008). The Federal Rules further require, in pertinent part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – ***must*** dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m) (emphasis added).

Plaintiffs filed their Complaint in this matter on October 18, 2019, [Doc. 1], such that they were required to serve all named Defendants by January 16, 2020. See Fed. R. Civ. P. 4(m). More than 90 days have passed since the Complaint was filed, and, to date, Debbie has not been properly served in this matter.[4]

The Complaint states that the defendants are being served by certified mail. Comp., pp. 45-46. That is improper. In federal courts in Georgia, "[m]ailing a complaint and summons

---

[4] Indeed, of the fourteen (14) remaining named Defendants in this matter, only four (4) appear to have been properly served. See Doc Nos. 29 (Allied Energy Services, LLC), 31 (Dan Alford), 34 (Augusta Waste To Energy, LLC), and 38, at ¶ 1 (Dean Alford).

through certified or regular mail is not a proper method of service under Fed. R. Civ. P. 4(e)." Curry v. Modena, No. 5:12-CV-462 MTT, 2013 WL 2629531, *1, *1 (M.D. Ga. June 11, 2013). While "[a] plaintiff may also effect service by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[]' Fed.R.Civ.P. 4(e)(1)[,] Georgia law, however, does not permit service on an individual through certified or regular mail either. O.C.G.A. § 9–11–4(e)(7)." Id. at n. 2; see also O.C.G.A. § 9-11-4(e)(7). "Mailing a copy of [a] petition or complaint does not constitute service of process" in Georgia. Camp v. Coweta Cty., 280 Ga. 199, 201, 625 S.E.2d 759, 761 (2006). Plaintiffs' counsel are located in Alabama, but they also have local counsel who is surely aware of the service of process requirements of this state.

**WHEREFORE,** Debbie respectfully requests that this Court dismiss this action her from this lawsuit.

Respectfully submitted this 21st day of January, 2020.

*/s/ Andrea L. Pawlak*
Kevin L. Ward, Georgia Bar No. 737020
Andrea L. Pawlak, Georgia Bar No. 142541
Ida Sassani, Georgia Bar No. 755953
SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)
k.ward@swtwlaw.com
a.pawlak@swtwlaw.com
i.sassani@swtwlaw.com
*Counsel for Debra Dlugolenski*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I have caused the foregoing ***Defendant Debbie Dlugolenski Alford's Motion To Dismiss By Special Appearance*** to be served electronically upon the parties, by and through their counsel of record, via the Court's CM/ECF filing system as follows:

| | |
|---|---|
| S. Lester Tate, III<br>Akin & Tate Attorneys<br>11 S. Public Square<br>Cartersville, Georgia 30120<br>tate@akin-tate.com<br>*Counsel for Plaintiffs* | James C. Eidson<br>The Eidson Law Firm, P.A.<br>401 Rusmor Street<br>Orange Park, Florida 32073<br>james@eidsonlawfirm.com<br>*Counsel for Dean Alford* |
| Andrew P. Campbell<br>Yawanna McDonald<br>Erin G. Godwin<br>Campbell Partners, LLC<br>505 20th Street North<br>Suite 1600<br>Birmingham, Alabama 35203<br>andy@campbellpartnerslaw.com<br>yawanna@campbellpartnerslaw.com<br>erin@campbellpartnerslaw.com<br>*Counsel for Plaintiffs* | Brant A. Jackson,<br>Brant A. Jackson, Attorney at Law, LLC<br>10 Glenlake Parkway, NE<br>South Tower, Suite 130<br>Sandy Springs, Georgia 30328<br>brant@bjacksonlawgroup.com<br>*Counsel for Dan Alford and Allied Energy Services, LLC* |

So certified this 21st day of January, 2020.

*/s/ Andrea L. Pawlak*
Andrea L. Pawlak, Georgia Bar No. 142541
SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Fax)
a.pawlak@swtwlaw.com
*Counsel for Debra Dlugolenski*