```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

KOSHA, LLC, *et al.*,              \*

    Plaintiffs,                \*

vs.                                \*

                                CASE NO. 4:19-CV-172 (CDL)

CLARENCE DEAN ALFORD, *et al.*,    \*

    Defendants.                \*

O R D E R

Kurudi H. Muralidhar, Samhitha Medatia, Dynamic W2E, LLC, and Dynamic AES, LLC (collectively, "Plaintiffs") filed a motion for partial summary judgment in their favor on the issue of liability for their breach of contract claims against Clarence Dean Alford. Plaintiffs contend that Allied Energy Services, LLC ("Allied"), breached its contracts with them by defaulting on certain notes when they came due. Creditors of Allied initiated an involuntary Chapter 7 bankruptcy proceeding against Allied, so any claims against the company are stayed. Plaintiffs allege that Alford is liable because he was a guarantor on the notes in the event of a default by Allied.

Plaintiffs filed their summary judgment motion against Alford on February 24, 2020, before the Court ordered the parties to confer on a discovery plan under Federal Rule of Civil Procedure 26(f) and nearly two months before the parties

submitted their Rule 26(f) report that started the discovery process. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). After the Court entered a scheduling order and Alford propounded discovery requests on Plaintiffs, Alford timely responded (pursuant to an extension he requested and was granted) to the summary judgment motion. Among other things, Alford asserts that he has not had an opportunity to obtain facts essential to his opposition because he did not receive responses to his discovery requests before his response was due and because he was unable to enter Allied's offices due to the COVID-19 pandemic and thus could not access documents in Allied's possession that are relevant to his opposition. Alford Aff. ¶¶ 31-32, ECF No. 81-1.

Federal Rule of Civil Procedure 56(d) "provides shelter against a premature motion for summary judgment 'when facts are unavailable to the nonmovant.'" *Estate of Todashev by Shibly v. United States*, No. 19-10245, 2020 WL 3397655, at *4 (11th Cir. June 19, 2020) (per curiam) (quoting Fed. R. Civ. P. 56(d)). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it[.]" Fed. R. Civ. P. 56(d). "Accordingly, Rule 56 provides a nonmoving party an alternative avenue to stave off

2

the granting of a motion for summary judgment. The party can 'produce[] affidavits or other evidence contradicting the movants,' or the party can 'explain[] [its] failure to do so under subsection ([d]).'" *Estate of Todashev*, 2020 WL 3397655, at *4 (quoting *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 528 (11th Cir. 1983)).  Here, Alford specified reasons why he could not present evidence to support his arguments that Allied was not in default on the notes and that he thus should not be held liable for any default as the guarantor: Alford could not access documents in Allied's office due to the pandemic, and Alford did not receive responses to his discovery requests before his response to Plaintiffs' motion was due.

Under these circumstances, the Court DEFERS ruling on Plaintiffs' summary judgment motion (ECF No. 60) under Rule 56(d) and GRANTS Alford's motion to stay (ECF No. 85) to the following extent.  Alford shall respond to Plaintiffs' summary judgment motion by October 13, 2020.  The Court recognizes that the pandemic persists, but Alford should be able to take precautions that allow him to review documents safely.

IT IS SO ORDERED, this 12th day of August, 2020.

s/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA